NO.
12-06-00043-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

§          APPEAL
FROM THE 

THE STATE OF TEXAS

FOR THE BEST INTEREST          §          COUNTY
COURT AT LAW OF

AND PROTECTION OF H.S.

§          CHEROKEE
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION








            H.S. appeals
from an order for extended inpatient mental health services and an order to
administer psychoactive medication.  In
two issues, H.S. asserts the evidence is legally and factually insufficient to
support the orders.  We reverse and
render.

 

Background

            On
January 31, 2006, an application for court ordered extended mental health
services was filed  requesting the trial
court to commit H.S. to the Rusk State Hospital (the “Hospital”) for a period
not to exceed twelve months.  At the time
the application was filed, H.S. was a patient at the Hospital.  The application was supported by two
physician’s certificates of medical examination for mental illness.  The first certificate stated that, on January
30, 2006, Dr. Harry Thompson evaluated and examined H.S. and diagnosed him with
schizophrenia, paranoid type, continuous, with prominent negative symptoms, and
antisocial personality disorder.  On
February 6, 2006, Dr. Satyajeet Lahiri 
evaluated and examined H.S. and diagnosed him with schizoaffective
disorder and seizure disorder.  According
to Thompson and Lahiri, H.S. was mentally ill, was likely to cause serious harm
to others, was suffering severe and abnormal mental, emotional, or physical
distress, was experiencing substantial mental or physical deterioration of his
ability to function independently, and was unable to make a rational and
informed decision as to whether or not to submit to treatment. 








            The
hearing on the application was held on February 7.  After the hearing, the trial court found that
H.S. was mentally ill, was likely to cause serious harm to others, and was
suffering severe and abnormal mental, emotional, or physical distress, was
experiencing substantial mental or physical deterioration of his ability to
function independently, that was exhibited by his inability, except for reasons
of indigence, to provide for his basic needs, including food, clothing, health,
or safety, and was unable to make a rational and informed decision as to
whether or not to submit to treatment. 
The trial court entered an order for extended inpatient mental health
services, committing H.S. to the Hospital for a period not to exceed twelve
months.  In a separate order signed the
same day, the trial court authorized the Texas Department of Mental Health and
Mental Retardation (the “Department”) to treat H.S. with psychoactive
medications, including antipsychotics, mood stabilizers, and
anxiolytics/sedatives/hypnotics.  This
appeal followed.

 

Sufficiency
of the Evidence








            In
his first and second issues, H.S. argues that the evidence is neither legally
nor factually sufficient to support the order of commitment or the order to
administer psychoactive medication.

Standard of Review

            In
a legal sufficiency review where the burden of proof is clear and convincing
evidence, we must look at all the evidence in the light most favorable to the
finding to determine whether a reasonable trier of fact could have formed a
firm belief or conviction that its findings were true.  In re J.F.C., 96 S.W.3d 256,
266 (Tex. 2002).  We must assume that the
fact finder settled disputed facts in favor of its finding if a reasonable fact
finder could do so and disregard all evidence that a reasonable fact finder
could have disbelieved or found incredible. 
Id.  This does not
mean that we are required to ignore all evidence not supporting the finding
because that might bias a clear and convincing analysis.  Id. 

            The
appropriate standard for reviewing a factual sufficiency challenge is whether
the evidence is such that a fact finder could reasonably form a firm belief or
conviction about the truth of the petitioner’s allegations.  In re C.H., 89 S.W.3d 17, 25
(Tex. 2002).  In determining whether the
fact finder has met this standard, we consider all the evidence in the record,
both that in support of and contrary to the trial court’s findings.  Id. at 27-29.  Further, we must consider whether disputed
evidence is such that a reasonable fact finder could not have reconciled that
disputed evidence in favor of its finding. 
In re J.F.C., 96 S.W.3d at 266.  If the disputed evidence is so significant
that a fact finder could not reasonably have formed a firm belief or
conviction, then the evidence is factually insufficient.  Id.  

Extended Involuntary Commitment Order








            The
trial judge may order a proposed patient to receive court ordered extended
inpatient mental health services only if the jury, or the judge if the right to
a jury is waived, finds, from clear and convincing evidence, that (1) the
proposed patient is mentally ill; (2) as a result of the mental illness, he (A)
is likely to cause serious harm to himself, (B) is likely to cause serious harm
to others, or (C) is (i) suffering severe and abnormal mental, emotional, or
physical distress, (ii) experiencing substantial mental or physical
deterioration of his ability to function independently, which is exhibited by
his inability, except for reasons of indigence, to provide for his basic needs,
including food, clothing, health, or safety, and (iii) unable to make a
rational and informed decision as to whether or not to submit to treatment; (3)
his condition is expected to continue for more than ninety days; and (4) he has
received court ordered inpatient mental health services under Subtitle C, Texas
Mental Health Code, or under Chapter 46B, Code of Criminal Procedure, for at
least sixty consecutive days during the preceding twelve months.  Tex.
Health & Safety Code Ann. § 574.035(a) (Vernon Supp. 2005). 

            To
be clear and convincing under this statute, the evidence must include expert
testimony and evidence of a recent overt act or a continuing pattern of behavior
that tends to confirm either the likelihood of serious harm to the proposed
patient or others or the proposed patient’s distress and the deterioration of
his ability to function.  Tex. Health & Safety Code Ann. §
574.035(e) (Vernon Supp. 2005).  Clear
and convincing evidence means the measure or degree of proof that will produce
in the mind of the trier of fact a firm belief or conviction as to the truth of
the allegations sought to be established. 
State v. Addington, 588 S.W.2d 569, 570 (Tex. 1979).  The statutory requirements for an involuntary
commitment are strict because it is a drastic measure.  In re C.O., 65 S.W.3d 175, 182
(Tex. App.–Tyler 2001, no pet.). 

            The
order for extended inpatient mental health services states that the trial court
found, by clear and convincing evidence, that H.S. was mentally ill, was likely
to cause serious harm to others, was suffering severe and abnormal mental,
emotional, or physical distress, was experiencing substantial mental or
physical deterioration of his ability to function independently, and was unable
to make a rational and informed decision as to whether or not to submit to
treatment.  Further, the order authorized
treatment for a period of time not to exceed twelve months.  See Tex.
Health & Safety Code Ann. § 574.035(h) (Vernon Supp. 2005).  However, the trial court failed to find, by
clear and convincing evidence, two criteria necessary to commit H.S., namely,
that his condition was expected to continue for more than ninety days and that
he received court ordered inpatient mental health services under Subtitle C,
Texas Mental Health Code, or under Chapter 46B, Code of Criminal Procedure, for
at least sixty consecutive days during the preceding twelve months.  See Tex.
Health & Safety Code Ann. § 574.035(a)(3), (4) (Vernon Supp.
2005).  A finding under subsection (4)
was also required because the order did not state that H.S. had already been
subject to an order for extended mental health services.  See Tex.
Health & Safety Code Ann. § 574.035(d) (Vernon Supp. 2005).  Because the trial court failed to find that
H.S.’s condition was expected to continue for more than ninety days[1]
and that he had received court ordered inpatient mental health services for at
least sixty consecutive days during the preceding twelve months, we conclude
that the trial court failed, by clear and convincing evidence, to find the commitment
criteria necessary for an order for extended inpatient mental health
services.  See Tex. Health & Safety Code Ann. §
574.035(a)(3), (4).  Consequently, the
evidence is legally insufficient to support the trial court’s order based upon
section 574.035(a) of the Texas Health and Safety Code. Having determined that
the evidence is legally insufficient, it is unnecessary for us to address H.S.’s
argument that the evidence is factually insufficient to support the trial court’s
order.  See Tex. R. App. P. 47.1.

Psychoactive Medication Order








            A
trial court may issue an order authorizing the administration of one or more
classes of psychoactive medications to a patient who is under a court order to
receive inpatient mental health services. 
Tex. Health & Safety Code
Ann. § 574.106(a) (Vernon Supp. 2005). 
The trial court may issue an order only if the trial court finds by
clear and convincing evidence after the hearing that the patient lacks the
capacity to make a decision regarding the administration of the proposed
medication and treatment with the proposed medication is in the best interest
of the patient.  Tex. Health & Safety Code Ann. § 574.106(a-1)(1) (Vernon
Supp. 2005).  Having determined the
evidence is legally insufficient to support the trial court’s order of
commitment, we have held that the trial court’s order for extended inpatient
mental health services is invalid. 
Therefore, the order authorizing administration of psychoactive
medication is also invalid.  See Tex. Health & Safety Code Ann. §
574.106(a).  Accordingly, we sustain H.S.’s
first and second issues.

 

Conclusion








            Based
upon our review of the record, we conclude that the evidence is legally
insufficient to support the trial court’s order of commitment for extended
inpatient mental health services. Therefore, the order for administration of
psychoactive medication is invalid.

            We
reverse the trial court’s order of commitment for extended
inpatient mental health services and for administration of psychoactive
medication.  We render
judgment denying the State’s applications for court ordered extended mental
health services and for an order to administer psychoactive medication.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion delivered June 30, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

 

 

 

                

 

 

 

 

(PUBLISH)











[1]
Although the trial court authorized treatment of H.S. for a period not to
exceed twelve months, this authorization does not provide the required finding
that H.S.’s condition was expected to continue for more than ninety days
because his condition could continue for less than ninety days and still not
exceed the authorized treatment period. See Tex. Health & Safety Code Ann. § 574.035(a)(3), (h).