The State of Texas for the Best Interest and Protection of W









NO. 12-08-00344-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

THE STATE OF TEXAS FOR                    §                      APPEAL
FROM THE

 

THE BEST INTEREST AND                      §                      COUNTY
COURT AT LAW

 

PROTECTION
OF W.G.                              §                      CHEROKEE COUNTY,
TEXAS







MEMORANDUM
OPINION

W.G.
appeals from an order authorizing the Texas Department of State Health Services
(the ADepartment@) to administer
psychoactive medication-forensic.  In one issue, W.G. asserts the evidence is
legally and factually insufficient to support the trial court=s order.  We reverse and
render.

 

Background

On
August 12, 2008, Gary Paul Kula, M.D. signed an application for an order to
administer psychoactive medication-forensic to W.G.  In the application, Kula
stated that W.G. was subject to an order for inpatient mental health services
issued under chapter 46B (incompetency to stand trial) of the Texas Code of
Criminal Procedure.  Kula stated that W.G. had been diagnosed with bipolar
disorder type 1, manic, with psychosis, and requested the trial court to compel
W.G. to take five psychoactive medications: an antidepressant, an
anxoilytic/sedative/hypnotic, an antipsychotic, a mood stabilizer, and a miscellaneous
psychoactive drug.  According to Kula, W.G. refused to take the medications voluntarily
and, in his opinion, W.G. lacked the capacity to make a decision regarding
administration of psychoactive medications because he displayed prominent mania
and psychosis interfering with rational judgment.








Kula
concluded that these medications were the proper course of treatment for W.G.
and that, if he were treated with the medications, his prognosis would be fair.
 Kula believed that, if W.G. were not administered the medications, the
consequences would be prolonged hospitalization and escalation of aggression.  Kula
considered other medical alternatives to psychoactive medication, but
determined that those alternatives would not be as effective.  He believed the
benefits of the psychoactive medications outweighed the risks in relation to
present medical treatment and W.G.=s
best interest.  Kula also considered less intrusive treatments likely to secure
W.G.=s agreement to
take psychoactive medication.

On
August 19, 2008, the trial court held a hearing on the application.  Kula testified
that he was W.G.=s
treating physician and that W.G. was currently under a chapter 46B order for
inpatient mental health services.  He understood that W.G. was charged with a
felony grade offense of driving while intoxicated.  He stated that W.G. had
verbally, or otherwise, refused to accept medication voluntarily.  According to
Kula, he believed that W.G. lacked the capacity to make a decision regarding
the administration of psychoactive medication.  He also stated that he
completed the application for an order to administer psychoactive
medication-forensic and swore that all the statements in the application were
true and correct.  Kula stated that W.G. suffered from bipolar disorder, type
1, manic, with psychosis.  He testified that treatment with the medications set
forth in the exhibit attached to the application was the proper course of
treatment for W.G. and was in his best interest.  Kula stated that if these
medications were used, the benefit to W.G. would outweigh the risks.  Further,
he stated that W.G.=s
hospitalization would likely be shortened and his competency restored faster if
these medications were used.  He doubted if W.G. would be able to have his
competency restored without the use of psychoactive medications.  Kula did not believe
that any of these medications would interfere with W.G.’s ability to
communicate with his attorney regarding the underlying criminal charge. 

            Kula
stated that W.G. is “classic” bipolar.  According to Kula, W.G. is manic and
makes outrageous statements, such as claiming that he is going to drink and
drive whenever he wants to and plans to do so in the future.  Kula stated that
W.G. did not realize how his behavior, or statements, affect other people.  Although
Kula stated that W.G. had been on psychoactive medications in the past, he was
not sure if W.G. had been on the requested medications.  He was unaware of any
side effects W.G. had suffered from medications in the past.  Kula admitted that
he was able to discuss these medications with W.G.  Further, Kula stated that
W.G. was not “demented by any stretch.”  According to Kula, W.G. is manic and
psychotic, but does not have any cognitive problems.  Kula stated that W.G. “clearly”
understands the benefits of psychoactive medications. 

W.G.
testified that he understood Kula’s testimony regarding psychoactive
medications. However, W.G. stated that he was, and is, refusing to take
psychoactive medication, and that he had the right to refuse.  He testified
that he did not have a reason to refuse these medications, but also stated that
he is not psychotic.  According to W.G., it was Kula’s opinion that he was
psychotic, but that did not make it true, just “a theory.”  When W.G. was asked
if he had experienced any negative side effects from these medications in the
past, he stated that he had taken medication as needed.  He testified that if
he is not in a stressful situation, his blood pressure is fine, even if it is
not normal for the average person.  He did not know why Kula was worried about
it.

At
the close of the evidence, the trial court granted the application.  On August
19, after considering all the evidence, including the application and the
expert testimony, the trial court found that the allegations in the application
were true and correct and supported by clear and convincing evidence.  Further,
the trial court found that treatment with the proposed medication was in W.G.=s best interest and that
W.G. lacked the capacity to make a decision regarding administration of the
medication. The trial court authorized the Department to administer psychoactive
medications to W.G., including antidepressants, antipsychotics, mood
stabilizers, and anxiolytics/sedatives/hypnotics.
 This appeal followed.

 








Sufficiency of the Evidence

In
his sole issue, W.G. argues that the evidence is legally and factually
insufficient to support the trial court=s
order to administer psychoactive medication-forensic.  More specifically, W.G.
contends that the State failed to prove, by clear and convincing evidence, that
he lacked the capacity to make a decision regarding administration of
medication and that treatment with the proposed medications was in his best
interest.

Standard
of Review

In
a legal sufficiency review where the burden of proof is clear and convincing
evidence, we must look at all the evidence in the light most favorable to the
finding to determine whether a reasonable trier of fact could have formed a
firm belief or conviction that its findings were true.  In re J.F.C.,
96 S.W.3d 256, 266 (Tex. 2002).  We must assume that the fact finder settled
disputed facts in favor of its finding if a reasonable fact finder could do so
and disregard all evidence that a reasonable fact finder could have disbelieved
or found incredible.  Id.  This does not mean that we are
required to ignore all evidence not supporting the finding because that might
bias a clear and convincing analysis.  Id. 








The
appropriate standard for reviewing a factual sufficiency challenge is whether
the evidence is such that a fact finder could reasonably form a firm belief or
conviction about the truth of the petitioner=s
allegations.  In re C.H., 89 S.W.3d 17, 25 (Tex. 2002).  In
determining whether the fact finder has met this standard, we consider all the
evidence in the record, both that in support of and contrary to the trial court=s findings.  Id . at 27-29.   Further, we must consider whether disputed evidence
is such that a reasonable fact finder could not have reconciled that disputed
evidence in favor of its finding.  In re J.F.C., 96 S.W.3d at
266.  If the disputed evidence is so significant that a fact finder could not
reasonably have formed a firm belief or conviction, then the evidence is
factually insufficient.  Id.  

Order to
Administer Psychoactive Medication

A
trial court may issue an order authorizing the administration of one or more
classes of psychoactive medications to a patient who is under a court order to
receive inpatient mental health services.  Tex.
Health & Safety Code Ann. '
574.106(a) (Vernon Supp. 2009).  The court may issue an order if it finds, by
clear and convincing evidence, that (1) the patient lacks the capacity to make
a decision regarding the administration of the proposed medication and (2)
treatment with the proposed medication is in the best interest of the patient.  Id . '
574.106(a-1).  AClear
and convincing evidence@
means the measure or degree of proof that will produce in the mind of the trier
of fact a firm belief or conviction as to the truth of the allegations sought
to be established.  State v. Addington, 588 S.W.2d 569, 570 (Tex. 1979).  ACapacity@ means a patient=s ability to (1) understand
the nature and consequence of a proposed treatment, including the benefits,
risks, and alternatives to the proposed treatment, and (2) make a decision
whether to undergo the proposed treatment.  Tex.
Health & Safety Code Ann. '
574.101(1) (Vernon 2003).  In making its findings, the trial court shall
consider (1) the patient=s
expressed preferences regarding treatment with psychoactive medication, (2) the
patient=s religious
beliefs, (3) the risks and benefits, from the perspective of the patient, of
taking psychoactive medication, (4) the consequences to the patient if the
psychoactive medication is not administered, (5) the prognosis for the patient
if the patient is treated with psychoactive medication, and (6) alternatives to
treatment with psychoactive medication.  Tex.
Health & Safety Code Ann. '
574.106(b) (Vernon Supp. 2009).

Analysis

In
the application, Kula stated that he believed W.G. lacked the capacity to make
a decision regarding administration of psychoactive medications because he exhibited
prominent mania, and psychosis interfering with rational judgment.  He
determined that if W.G. were not administered these medications, the
consequences would be prolonged hospitalization and escalation of aggression.  He
also believed the benefits of the psychoactive medications were in W.G.=s best interest.  At the
hearing, Kula stated that W.G. refused to accept medication voluntarily.  W.G.
testified that he refused to take psychoactive medication and that he did not
have a reason, but also stated that he was not psychotic.  Kula testified that
treatment with the medications listed in the exhibit attached to the
application was the proper course of treatment for W.G. and in his best
interest. Further, he stated that if these medications were used, the benefits to
W.G. would outweigh the risks. Kula testified that he doubted W.G. would be
able to have his competency restored without the use of psychoactive
medications.  Although Kula stated that W.G. lacked the capacity to make a
decision regarding the administration of psychoactive medication, he did not
explain why W.G lacked such capacity.  In fact, he stated that W.G. is not
“demented by any stretch,” even though he is manic, psychotic, and makes outrageous
statements without understanding their effect on others.  He denied that W.G.
suffers from any cognitive problems and stated that W.G. “clearly” understood  the
benefits of psychoactive medication.

We
note that nothing in the Texas Health and Safety Code regarding court ordered
administration of psychoactive medication authorizes a trial court to base its
findings solely on the physician=s
application.  See Tex. Health
& Safety Code Ann. '
574.101-.110 (Vernon 2003 & Supp. 2009).  Pleadings, such as the physician=s application here, are not
evidence that the statutory standard has been met.  See id.
' 574.031 (Vernon
2003) (stating that the Texas Rules of Evidence apply to the hearing for court
ordered mental health services unless the rules are inconsistent with the
subtitle); In re E.T., 137 S.W.3d 698, 700 (Tex. App.BSan Antonio 2004, no pet.);
see also Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer, 904
S.W.2d 656, 660 (Tex. 1995) (noting that, generally, pleadings are not
competent evidence, even if sworn or verified).  Here, there was no evidence
from Kula at the hearing to explain why he believed W.G. lacked the capacity to
make a decision regarding administration of pyschoactive medications.  See In
re E.G., 249 S.W.3d 728, 731-32 (Tex. App.BTyler 2008, no pet.).  In fact, Kula admitted
that W.G. “clearly” understood the benefits of psychoactive medications and did
not suffer from any cognitive problems.  Further, a conclusory statement by Kula
in the application, without any testimony or explanation from him at the
hearing, cannot produce in the mind of the trier of fact a firm belief or
conviction as to the truth of the allegations sought to be established.  See
Addington, 588 S.W.2d at 570; see also In re E.G.,
249 S.W.3d at 731-32.

Thus,
considering all the evidence in the light most favorable to the findings, we
conclude that a reasonable trier of fact could not have formed a firm belief or
conviction that W.G. lacked the capacity to make a decision regarding
administration of the proposed medications and that treatment with the proposed
medications was in his best interest.  See Tex. Health & Safety Code Ann. ' 574.106(a-1); In re J.F.C.,
96 S.W.3d at 266.  Consequently, the evidence is legally insufficient to
support the trial court=s
findings based upon section 574.106 of the Texas Health and Safety Code. Having
determined that the evidence is legally insufficient, it is unnecessary for us
to address W.G.=s
argument that the evidence is factually insufficient to support the trial court=s findings.  See Tex. R. App. P. 47.1.  We sustain W.G.=s sole issue.        

 

Conclusion

Based
upon our review of the record, we have concluded that the evidence is legally
insufficient to support the trial court=s
order authorizing the administration of psychoactive medication-forensic.  Therefore,
we reverse the trial court=s
order authorizing the administration of psychoactive medication-forensic and render
judgment denying the State=s
application for an order to administer psychoactive medication-forensic.

                                                                                                Sam Griffith

                                                                                          
            Justice

Opinion delivered November 12,
2009.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(PUBLISH)