

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00454-CV
No. 04-13-00455-CV

**THE STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF S.S.**

From the Probate Court No. 1, Bexar County, Texas
Trial Court Nos. 2013MH1871, 2013MH1959
Honorable Oscar Kazen, Judge Presiding

Opinion by:  Sandee Bryan Marion, Justice

Sitting:  Sandee Bryan Marion, Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  November 27, 2013

AFFIRMED

On July 2, 2013, having found that appellant S.S. was mentally ill and met the criteria for court-ordered temporary mental health services, the trial court ordered appellant to be temporarily committed for inpatient mental health services pursuant to section 574.034 of the Texas Health and Safety Code. By separate order, the court authorized treatment with psychoactive medication during appellant's temporary commitment. Appellant appeals from both orders, challenging the legal and factual sufficiency of the trial court's findings. We affirm.

### STANDARD OF REVIEW

To obtain either an order for temporary commitment or an order to administer psychoactive medication, the State must prove its case by clear and convincing evidence. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.034(a) (West Supp. 2013), § 574.106(a-l) (West 2010). Because the

State's burden of proof is clear and convincing evidence, we apply a heightened standard of review to sufficiency-of-the-evidence challenges. *See In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). When reviewing the legal sufficiency of the evidence in a case requiring proof by clear and convincing evidence, we determine whether the evidence is such that a factfinder could reasonably form a "firm belief or conviction as to the truth of the allegations sought to be established." *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979); *State v. K.E.W.*, 315 S.W.3d 16, 20 (Tex. 2010) (quoting *Addington*, 588 S.W.2d at 570). We review all the evidence in the light most favorable to the finding to determine whether a reasonable factfinder could have formed a firm belief or conviction that the finding was true. *Id.* We resolve disputed fact questions in favor of the finding if a reasonable factfinder could have done so, and we disregard all contrary evidence unless a reasonable factfinder could not have done so. *Id.*; *City of Keller v. Wilson*, 168 S.W.3d 802, 817 (Tex. 2005).

Likewise, the higher burden of proof alters the appellate standard of factual-sufficiency review. *C.H.*, 89 S.W.3d at 25-26. In reviewing the evidence for factual sufficiency under the clear and convincing standard, we inquire "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *See id.* at 25. We consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). In so doing, we must give "due consideration to evidence that the factfinder could reasonably have found to be clear and convincing." *Id.* We examine the entire record to determine whether "the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction"; if it is, the evidence is factually insufficient. *Id.*

**COMMITMENT ORDER**

In its commitment order, the trial court found that appellant is mentally ill and is:

(i) suffering severe and abnormal mental, emotional, or physical distress;
(ii) experiencing substantial mental or physical deterioration of the proposed patient's ability to function independently, which is exhibited by the proposed patient's inability, except for reasons of indigence, to provide for the proposed patient's basic needs, including food, clothing, health, or safety; and
(iii) unable to make a rational and informed decision as to whether or not to submit to treatment.

*See* TEX. HEALTH & SAFETY CODE § 574.034(a)(1) & (a)(2)(C).

"To be clear and convincing under Subsection (a), the evidence must include expert testimony and, unless waived, evidence of a recent overt act or a continuing pattern of behavior that tends to confirm: (1) the likelihood of serious harm to the proposed patient or others; or (2) the proposed patient's distress and the deterioration of the proposed patient's ability to function." *Id.* § 574.034(d). Expert testimony recommending involuntary temporary commitment must be supported by a factual basis; a bald diagnosis alone is insufficient to support commitment. *In re Breeden*, 4 S.W.3d 782, 784 (Tex. App.—San Antonio 1999, no pet.).

The State sought the temporary commitment of appellant to the Methodist Specialty and Transplant Hospital. At the hearing, the only evidence presented was the testimony of Dr. Luis Baez-Caberra, a psychiatrist with the hospital. Baez-Caberra testified he was familiar with appellant and, based on his personal knowledge, her history, and her medical records, he diagnosed appellant with "bipolar disorder, type one, manic episode severe with psychotic features." He agreed this diagnosis was an illness, disease or condition that substantially impaired appellant's thought perception of reality, emotional process, or judgment. Baez-Caberra said appellant was brought to him due to her bizarre behaviors, auditory hallucinations, and delusional beliefs. Appellant had a documented history of physically assaultive behavior against family members when she was off her medications. Baez-Caberra stated that, while in the hospital, appellant had

been agitated but not physically assaultive because she was in a controlled environment, "but that may change while she's not in the hospital."

Baez-Caberra agreed that as a result of appellant's mental illness she suffers severe and abnormal mental, emotional or physical distress; and she is experiencing substantial mental or physical deterioration in her ability to function independently. Baez-Caberra testified that, except for reasons of indigence, appellant cannot provide for her own safety and physical and mental health because appellant is convinced she "has an implant — a magnetic implant in her neck that had not been proven to be there," and she claims to have a fractured skull and other medical conditions that have not been verified. In addition to these delusions, appellant is also hyper-religious, talks to people who are not there, hears the voice of God and angels, and is fixated on being wealthy and related to the Mexican mafia. Baez-Caberra said these delusions indicated a disconnect from reality that contribute to appellant's inability to function independently and her inability to differentiate between a safe situation and a dangerous situation.

Baez-Caberra stated appellant cannot make a rational and informed decision at this time about whether to submit to treatment. He said appellant's illness cannot be treated intermittently and she needed medications to address her hallucinations and delusions and to clear her thought process. Although Baez-Caberra admitted he had never seen appellant being physically assaultive, he characterized appellant "as a high risk of physical aggression." He said there have been occasions when the nursing staff has seen appellant screaming, standing up, moving her hands, and being verbally and physically intimidating with the staff, which required the staff to redirect her in a way that avoided physical aggression or emergency medications.

On appeal, appellant asserts Baez-Caberra failed to provide any evidence that she was acting in response to her hyper-religiosity, hearing voices, or delusions; there was no evidence she could not provide for her basic needs; and there was no evidence of an overt act or continuing

course of conduct to support his conclusions. Therefore, appellant argues the evidence is legally and factually insufficient to support the trial court's commitment order. We disagree.

The uncontradicted evidence of the expert established (1) appellant's mental illness and delusions prevented her from taking care of herself and from making rational and informed decisions, (2) a continuing pattern of behavior that tends to confirm the likelihood of serious harm to others, and (3) appellant's distress and the deterioration of her ability to function. Therefore, we conclude the evidence is both legally and factually sufficient to support the trial court's commitment order.

## ADMINISTRATION OF PSYCHOACTIVE MEDICATIONS

"The court may issue an order authorizing the administration of one or more classes of psychoactive medication to a patient who . . . is under a court order to receive inpatient mental health services . . . ." *Id.* § 574.106(a). Here, after issuing the commitment order, the trial court held a hearing on and granted the State's application for an order to administer psychoactive medication. On appeal, the only basis on which appellant challenges the trial court's medication order is that the evidence is legally and factually insufficient to support the trial court's commitment order. Because we have determined the evidence is sufficient to support the trial court's commitment order, the evidence is also sufficient to support the trial court's order to compel psychoactive medications.

## CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's orders.

Sandee Bryan Marion, Justice