The STATE of Texas, Petitioner,

v.

Frank O'Neal ADDINGTON, Respondent.

No. B–6597.

Supreme Court of Texas.

Oct. 3, 1979.

Rehearing Denied Nov. 7, 1979.

James F. Hury, Dist. Atty., Gerald Burks, Asst. Dist. Atty., Galveston, for petitioner.

Martha L. Boston, Austin, for respondent.

PER CURIAM.

This case involves the determination of the proper standard of proof to be employed to indefinitely commit an individual under the Texas Mental Health Code, Tex.Rev. Civ.Stat.Ann. art. 5547–1, et seq. We hold that the State must prove its case by clear and convincing evidence. The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.

The State of Texas filed a petition in the probate court to have Frank O'Neal Addington indefinitely committed to a mental hospital. The probate court submitted the case on special issues, and the jury found by "clear, unequivocal and convincing evidence" that Addington was mentally ill and that he required hospitalization in a hospital for his own welfare and the protection of others. Addington was accordingly committed to the Austin State Hospital.

On appeal the court of civil appeals reversed the judgment of the probate court and remanded the cause for trial. It held that the proper standard of proof was "beyond a reasonable doubt." 546 S.W.2d 105.

We granted the State's application for writ of error and reversed the court of civil appeals. We held that "preponderance of the evidence" was the proper standard in civil commitment cases. We further held that the "clear, unequivocal and convincing evidence" instruction submitted by the probate court was also erroneous, but concluded that it was harmless error as to Addington since he had been committed under a standard stricter than required by law. Accordingly, the judgment of the probate court was affirmed. 557 S.W.2d 511.

Addington then filed an appeal with the Supreme Court of the United States, and that court noted probable jurisdiction. 435 U.S. 967, 99 S.Ct. 1804, 60 L.Ed.2d 323. Vacating the judgment of this court, it held that due process required a stricter standard than the preponderance standard. The court noted that it was not constitutionally necessary to apply the "unequivocal" standard or the "reasonable doubt" standard. However, the fourteenth amendment required the employment of a standard equivalent to or greater than the "clear and convincing evidence" standard in order to commit an individual involuntarily for an indefinite period to a state mental hospital. The case was remanded to this court to determine and define the precise burden to be assumed by the State. 435 U.S. 967, 99 S.Ct. 1804, 60 L.Ed.2d 323.

■ At this time we adopt the "clear and convincing evidence" standard of proof. It shall henceforth be employed in those civil proceedings brought under state law to commit an individual for an indefinite period to a state mental hospital. Clear and convincing evidence is defined as that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. This is an intermediate standard, falling between the preponderance standard of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings. While the state's proof must weigh heavier than merely the greater weight of the credible evidence, there is no requirement that the evidence be unequivocal or undisputed. *Hobson v. Eaton*, 399 F.2d 781, 784 n. 2 (6th Cir. 1968); *Germann v. Matriss*, 104 N.J.Super. 466, 250 A.2d 424, 426 (App.Div. 1968); *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118, 123 (1954); *In re Estate of Soeder*, 7 Ohio App.2d 271, 220 N.E.2d 547, 574 (1966); *Brown v. Warner*, 78 S.D. 647, 107 N.W.2d 1, 4 (1961); *Fred C. Walker Agency, Inc. v. Lucas*, 215 Va. 535, 211 S.E.2d 88, 92 (1975).

■ Since the jury found Addington to be mentally ill under the stricter "clear, *unequivocal* and convincing" standard, the

instruction given does not constitute harmful error. The previous opinion of this court is withdrawn and the judgment of the trial court is affirmed pursuant to Texas Rules Civil Procedure 483.