Joe K. Gordon, Arlington, for appellant.

Tim Curry, Dist. Atty., and Rob Brownrigg, Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

**Peggy Lou REED, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 18629.**

Court of Appeals of Texas, Fort Worth.

Oct. 22, 1981.

OPINION

MASSEY, Chief Justice.

Peggy Lou Reed was ordered to a mental health treatment program. Application for her temporary hospitalization had been brought by her former husband and by her mother. Hearing was held pursuant to Tex.Rev.Civ.Stat.Ann. art. 5547–36 "Hearing on the application" and the court's order was rendered under Art. 5547–38, "Order on hearing." That order was one requiring treatment without commitment to a mental hospital, as provided by part (c) of the article.

Mrs. Reed has appealed.

We affirm.

The single point of error is that the evidence was insufficient to show that Mrs. Reed required observation and treatment for her own protection and welfare or for the protection of others at the treatment program afforded at John Peter Smith Hospital at Fort Worth until released from the program by physicians at the hospital.

In order for the State to show that treatment is required, it must show by clear and convincing evidence that the requirements of Art. 5547–38(c) have been met. *State v. Addington*, 588 S.W.2d 569 (Tex. 1979). Evidence that the patient is ill and in need of hospitalization, if standing alone, is no evidence that the statutory standard has been met. *Lodge v. State*, 597 S.W.2d 773 (Tex.Civ.App.—San Antonio 1980, aff'd, Tex., 608 S.W.2d 910, 1980).

Evidence at the commitment hearing for Mrs. Reed included testimony from her mother, from her former husband, from a physician who had been appointed to examine her during the brief emergency hospitalization immediately prior to the hearing, plus that of Mrs. Reed. Affidavits of other physicians who had examined her were also introduced into evidence.

The trial court was in position to observe all witnesses. The record is clear upon Mrs. Reed's behavior during the proceeding itself. She was belligerent and uncooperative. This is evident from her comments during her own testimony, during the time the court was attempting to hear testimony of others, and during the time the court was attempting to make its ruling. She stated in open court that it might be necessary for her to throw water in the face of the assistant district attorney prosecuting the case. The testimony of Mrs. Reed and her mother varied in describing recent violence between them, but there was no question but that Mrs. Reed advocated the use of violence, or, as she termed it, "shock therapy," if those around her refused to agree with her. The situations in which she was not only likely but almost certain to find herself due to the manifestations of her particular form of mental illness sufficed for the fact finding that there was necessity that she submit to treatment for her own welfare and protection and/or the protection of others. Simply because she had, up to the time of trial, been fortunate enough to encounter relatives and former relatives tolerant of such behavior, rather than some stranger who could well be expected to respond less tolerantly, did not indicate that Mrs. Reed's condition failed to meet the second requirement.

We hold the evidence sufficient to support the order from which there was an appeal.

Affirmed.