v.

**The STATE of Texas, Appellee.**

**Nos. 05–08–01405–CV, 05–08–01428–CV.**

Court of Appeals of Texas,
Dallas.

April 29, 2009.

---

Douglas A. Barnes, Dallas, TX, for Appellant.

Melanie Barton, Asst. District Atty., Dallas, TX, for Appellee.

Before Justices MORRIS, WRIGHT, and MOSELEY.

## OPINION

Opinion by Justice WRIGHT.

A.S. appeals from an order of commitment for temporary mental health services as an in-patient (no. 05–08–01405–CV) and an order to administer psychoactive medication (no. 05–08–01428–CV). In the involuntary commitment case, A.S. asserts the evidence is legally and factually insufficient to support findings that: (1) as a result of mental illness, A.S. was likely to cause serious harm to herself; and (2) a recent overt act or continuing pattern of behavior tends to confirm A.S.'s likelihood of serious harm to herself. In the medication case, A.S. contends: (1) the evidence is legally and factually insufficient to support the finding that she lacked the capacity to make a decision regarding the administration of the proposed psychoactive medication; and (2) the evidence is so weak as to be clearly wrong and manifestly unjust. We overrule A.S.'s issues and affirm both the trial court's judgment of involuntary commitment and the order to administer psychoactive medication.

## Background

A.S. has been a patient at Terrell State Hospital on and off for approximately ten years. Her last commitment started on October 20, 2007. The hospital filed an application for continued temporary commitment and an application for an order to administer psychoactive medication on October 2, 2008. The trial court conducted hearings on both of these applications and granted the requested relief. A.S. timely filed appeals from both the judgment of involuntary commitment and the medication order.

## Standard of Review

The same standard of review applies to both a commitment order and an order to administer psychoactive medication. The trial court must find by clear and convincing evidence the statutory criteria for both orders. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.034(a) & 574.106(a–1) (Vernon 2003 & Supp.2008). Clear and convincing evidence is that "degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *State v. Addington*, 588 S.W.2d 569, 570 (Tex.1979) (per curiam). Because the State's burden of proof is clear and convincing evidence, we apply a heightened standard of review. *In re C.H.*, 89 S.W.3d 17, 25 (Tex.2002). In reviewing a legal sufficiency claim, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex.2002). When reviewing factual sufficiency, we must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing and then determine whether, based on the entire record, a fact finder could reasonably form a firm conviction or belief that the allegations in the petition were proven. *In re J.F.C.* 96 S.W.3d at 266.

## Order of Involuntary Commitment

A trial court may order temporary inpatient mental health services if it finds by clear and convincing evidence that

the patient is mentally ill and at least one of three criteria results from that mental illness. TEX. HEALTH & SAFETY CODE ANN. § 574.034(a) (Vernon 2003). One of the criteria is that the patient is likely to cause serious harm to herself.[1] TEX. HEALTH & SAFETY CODE ANN. § 574.034(a)(2)(A) (Vernon 2003). Section 574.034 sets forth specific requirements for clear and convincing evidence. The evidence must include expert testimony and, unless waived, evidence of a recent overt act or a continuing pattern of behavior that tends to confirm: (1) the likelihood of serious harm to the patient or others; or (2) the patient's distress and the deterioration of the patient's ability to function. TEX. HEALTH & SAFETY CODE ANN. § 574.034(d) (Vernon 2003). The recent overt act or continuing pattern of behavior must relate to the criteria on which the judgment is based. *T.G. v. State*, 7 S.W.3d 248, 252 (Tex.App.-Dallas 1999, no pet.). The expert's opinions and recommendations must be supported by a showing of the factual bases on which they are grounded. *Id.*

At the commitment hearing, Dr. Monte Lee Goen testified that he had examined A.S. many times. Dr. Goen diagnosed A.S. with catatonic schizophrenia. He testified that A.S. is unable to make a rational decision about whether to submit to treatment, she has no insight into her mental illness, and wants to stop all medications. When A.S. refuses to take her medication, she not only fails to treat her mental illness, but also fails to treat her diabetes and hypercholesteremia. A.S.'s refusal to take her medication has a predictable effect on her mental illness. She becomes catatonic. In a catatonic state, A.S. becomes either excited and draws attention to herself out of her verbal and physical aggressions or stuporous and requires emergency medical intervention. He fur-

ther testified that A.S. is homeless. If she were to leave Terrell State Hospital, Dr. Goen believed that would stop all medications. In Dr. Goen's opinion, A.S. is likely to cause serious harm to herself and others.

Dr. Goen also testified regarding an incident involving A.S. at Terrell State Hospital on October 5, 2008. She became angry at church. A male staff member had to escort her back to the unit. She called staff members "sluts" and "whores" and threatened to beat them up. She also screamed at patients standing by a vending machine. She had to be given emergency injections.

A.S. also testified at the commitment hearing. She disputed Dr. Goen's account of the October 5th incident. She said a lady asked her to wait for the other patients after the church service ended. The lady got mad because A.S. left when the service was over but without waiting for the others. She denied making threats to anyone. A.S. said that if she were released she would go to a program for women that helps them transition. She testified that she had a source of income but would not disclose it. She said that she does not need psychiatric medication and that such medication has never worked for her. She disagreed with the Dr. Goen's diagnosis that she has a type of schizophrenia.

Based on the entire record, we hold a reasonable fact finder could resolve the disputed evidence in favor of the trial court's findings and could reasonably form a firm belief or conviction that A.S. is mentally ill and as a result of that illness, as confirmed by her recent overt acts and continuing pattern of behavior, there is likelihood of serious harm to herself. The evidence is legally and factually sufficient

---

1. It is this criteria alone that is at issue in this case.

to support the trial court's order. We overrule A.S.'s two issues in her appeal of the judgment of involuntary commitment.

## Order to Administer Psychoactive Medication

A trial court may issue an order authorizing the administration of one or more classes of psychoactive medications to a patient who is under a court order to receive inpatient mental health services. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a) (Vernon Supp.2008). The court may issue an order if it finds by clear and convincing evidence that: (1) the patient lacks the capacity to make a decision regarding the administration of the proposed medication; and (2) treatment with the proposed medication is in the best interest of the patient. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a–1) (Vernon Supp.2008). In making its findings, the trial court shall consider: (1) the patient's expressed preferences regarding treatment with psychoactive medication; (2) the patient's religious beliefs; (3) the risks and benefits, from the perspective of the patient, of taking psychoactive medication; (4) the consequences to the patient if the psychoactive medication is not administered; (5) the prognosis for the patient if the patient is treated with psychoactive medication; and (6) alternatives to treatment with psychoactive medication. TEX. HEALTH & SAFETY CODE ANN. § 574.106(b) (Vernon Supp.2008).

At the hearing, Dr. Goen testified that A.S. will not take medication without a court order and that there are no alternatives to the administration of the medications. He testified that A.S. does not have the capacity to make a decision regarding the administration of the medications because she does not understand the nature of her mental illness or the necessity of the medications. Dr. Goen testified as to both the benefits and the side effects of antidepressants, antipsychotics, anxiolytics, and mood stabilizers. For each class of medications, Dr. Goen testified that the benefits of the medications outweighed the side effects for A.S. at this time. In his opinion, the administration of these medications is in the best interest of A.S. His prognosis for A.S. if she takes the medications is that within three months she could be discharged to a less restrictive environment. Dr. Goen testified that, without the medication, A.S. would become either catatonically excited or catatonically stuporous.

A.S. testified at the hearing and again she disputed Dr. Goen's testimony. She testified that the medications make her ill.

Based on the entire record, we hold a reasonable fact finder could resolve the disputed evidence in favor of the trial court's findings and could reasonably form a firm belief or conviction that A.S. lacked the capacity to make a decision regarding the administration of the proposed medications and treatment with the proposed medications was in her best interest. We overrule A.S.'s two issues in her appeal of the order to administer psychoactive medication.

We affirm the trial court's involuntary commitment judgment and its order to administer psychoactive medication.