

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00129-CV

IN THE MATTER OF A.S.K.

----------

FROM COUNTY COURT AT LAW NO. 1 OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant A.S.K. appeals from the trial court's order authorizing psychoactive medication. We affirm.

On February 25, 2013, Appellant was committed to a mental-health facility for evaluation and treatment toward the specific objective of attaining competency to stand trial for burglary of a habitation and possession of marijuana in a drug-free zone. *See* Tex. Code Crim. Proc. Ann. art. 46B.073(b)

---

[1]*See* Tex. R. App. P. 47.4.

(West Supp. 2012). On March 21, Appellant's treating psychiatrist at the facility, Nadeem H. Bhatti, filed an application for an order to authorize psychoactive medication—specifically, antipsychotics, anxiolytics, and mood stabilizers—because Appellant was diagnosed with severe bipolar disorder with psychosis and refused to take the medication voluntarily. *See* Tex. Health & Safety Code Ann. § 574.104 (West 2010). The trial court appointed counsel for Appellant and set a hearing on Bhatti's application. *See id.* § 574.105.

At the April 8 hearing, Angela Wood, Appellant's psychiatrist,[2] testified that Appellant did not have the capacity to make a decision regarding whether or not to take the recommended medications. When Appellant arrived at the facility, he refused to take any medication. Once Appellant was told that Bhatti had filed an application seeking an order requiring Appellant to take the medications, Appellant voluntarily began to take the medications and had been taking them consistently for over two weeks at the time of the hearing. Appellant had not complained of any side effects of the medications. Even so, Wood testified that Appellant continued to have delusions, was not competent to stand trial, and could not completely understand why the medications were necessary. Wood believed that more time on the medications and adjustments to the dosages would render Appellant competent. Although Appellant began taking the medications consistently, Wood stated that she continued to pursue Bhatti's

---

[2]Wood replaced Bhatti as Appellant's treating psychiatrist the week before the hearing.

application because "if we did not go through with the application, . . . [Appellant] would know that then they weren't being sought and might refuse to take them." Wood believed a court order was "necessary to have him continue taking medication." If Appellant did not take his medication, Wood stated he would not be competent and he would not be able to function in society. Wood believed Appellant was not a danger to himself "other than not being able to function and the ramifications of that." She was concerned about his danger to others because "when people do not believe his [delusions] about himself, . . . he can become very irritable, upset, angry."[3] Wood stated there was no alternative to court-ordered medication that would render Appellant competent.

At the conclusion of the hearing, the trial court granted the application, finding that Appellant "does not have the capacity to consent to such treatment even though the treatment may be in his best interest and improve his quality of life with the benefits exceeding the known risks." In its subsequent written order, the trial court found that Appellant "lacks the capacity to make a decision regarding the administration of the proposed medication and treatment with the proposed medication is in the best interest of [Appellant]." Appellant filed this accelerated appeal and now argues that the evidence was legally and factually

---

[3]Specifically, Appellant believed he was French, his name was Francois, and his identity had been stolen. This delusion persisted up to the week before the hearing and after Appellant had started taking the medications.

3

insufficient to justify granting the application. *See id.* §§ 574.070, 574.108; Tex. R. App. P. 28.1(a).

A trial court may enter an order authorizing psychoactive medication if the clear and convincing evidence admitted at a hearing shows either:

> (1) that the patient lacks the capacity to make a decision regarding the administration of the proposed medication and treatment with the proposed medication is in the best interest of the patient; or
>
> (2) if the patient was ordered to receive inpatient mental health services by a criminal court with jurisdiction over the patient, that treatment with the proposed medication is in the best interest of the patient and either:
>
> (A) the patient presents a danger to the patient or others in the inpatient mental health facility in which the patient is being treated as a result of a mental disorder or mental defect as determined under Section 574.1065; or
>
> (B) the patient:
>
> (i) has remained confined in a correctional facility, as defined by Section 1.07, Penal Code, for a period exceeding 72 hours while awaiting transfer for competency restoration treatment; and
>
> (ii) presents a danger to the patient or others in the correctional facility as a result of a mental disorder or mental defect as determined under Section 574.1065.

Tex. Health & Safety Code Ann. § 574.106(a-1) (West 2010). A patient lacks capacity under section 574.106(a-1)(1) if he is unable to "understand the nature and consequences of a proposed treatment, including the benefits, risks, and alternatives to the proposed treatment" and cannot "make a decision whether to undergo the proposed treatment." *Id.* § 574.101(1). The trial court did not solely

4

rely on section 574.106(a-1)(1) or section 574.106(a-1)(2), including both findings in its order.

Clear and convincing evidence, as referenced in section 574.106(a-1), is that measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *State ex rel. E.G.*, 249 S.W.3d 728, 730–31 (Tex. App.—Tyler 2008, no pet.); *see also U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). While the proof must be of a heavier weight than merely the greater weight of the credible evidence, there is no requirement that the evidence be unequivocal or undisputed. *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979). The fact-finder, not this court, is the sole judge of the credibility and demeanor of the witnesses. *In re J.O.A.*, 283 S.W.3d 336, 346 (Tex. 2009).

In evaluating the evidence for legal sufficiency, we must determine whether the evidence is such that a fact-finder could reasonably form a firm belief or conviction that its finding was true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We review all the evidence in the light most favorable to the finding. *Id.* In a factual-sufficiency review, we determine whether, on the entire record, a fact-finder could reasonably form a firm conviction or belief that its finding was true. *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). If the entire record reveals that the disputed evidence is so significant that a reasonable fact-finder could not have reasonably formed a firm belief or conviction, then the evidence is factually insufficient. *J.F.C.*, 96 S.W.3d at 266; *C.H.*, 89 S.W.3d at 27–29.

Appellant argues that the evidence was insufficient because he was voluntarily taking the medications and because he had the capacity to make a decision regarding whether to take the medications. Appellant does not dispute that the medications are in his best interest. *See* Tex. Health & Safety Code Ann. § 574.106(a-1), (b).

A patient's refusal to take medication is not a prerequisite to a trial court's order authorizing psychoactive medication; a patient's refusal only is part of the application. *Cf. In re P.R.G.*, No. 02-12-00375-CV, 2012 WL 5439015, at *3, 6 (Tex. App.—Fort Worth Nov. 8, 2012, no pet.) (mem. op.) (holding evidence sufficient to find lack of capacity under section 574.106(a-1)(1) even though patient "very polite and compliant at times"). *Compare* Tex. Health & Safety Code Ann. § 574.104(a) (listing requirements for physician application for order to authorize psychoactive medication), *with id.* § 574.106(a-1) (authorizing trial court to enter order authorizing psychoactive medication if patient lacks capacity or presents a danger to himself or others). Further, Wood testified she was concerned that if the specter of a court order were removed, Appellant would stop taking the medications. She based this on the fact that he refused to take the medications for the first thirteen days of his hospitalization and only became compliant when he was informed of the application filed with the court. The evidence is legally and factually sufficient to support the trial court's implicit conclusion that the order was necessary to ensure Appellant continued taking the medications in order to attain competency.

6

The evidence is also legally and factually sufficient to support the trial court's conclusion that the clear and convincing evidence supported entering an order authorizing psychoactive medication. Although the trial court authorized the medication under both section 574.106(a-1)(1) and section 574.106(a-1)(2), sufficient evidence of either would support the trial court's order. *Cf. In re C.S.*, 208 S.W.3d 77, 83–84 (Tex. App.—Fort Worth 2006, pet. denied) (finding legally sufficient evidence to support trial court's order authorizing psychoactive medication under section 574.106(a-1)(1)). The clear and convincing evidence supported the trial court's order to the extent it was based on section 574.106(a-1)(1). As recited above, the evidence showed that (1) Appellant, who was diagnosed with bipolar disorder with psychosis, would not take medication consistently without a court order or the possibility of a court order; (2) there were no alternatives to the administration of the medications; (3) Appellant did not have the capacity to make a decision regarding the administration of medication because he did not fully appreciate the nature of his illness or the necessity of the medications; (4) Appellant's condition would not improve without the medications; and (5) the medications were in Appellant's best interest. This evidence is legally and factually sufficient to support the trial court's order. *See A.S. v. State*, 286 S.W.3d 69, 73 (Tex. App.—Dallas 2009, no pet.) (finding evidence sufficient to support lack-of-capacity conclusion). We overrule Appellant's sole issue and affirm the trial court's order.

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED:  July 18, 2013