

# NUMBER 13-13-00278-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## FOR THE BEST INTEREST AND PROTECTION OF A.C.

**On appeal from the Probate Court
of Hidalgo County, Texas.**

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellant A.C.[1] challenges the temporary involuntary commitment order entered

by the trial court. By one issue, appellant argues that the evidence was legally

---

[1] Although not required by rule or statute, as was done in the trial court, we will use appellant's initials to protect his privacy in this mental health proceeding. *See, e.g.*, *State ex rel. T.M.*, 362 S.W.3d 850, 851 (Tex. App.—Dallas 2012, no pet.) (using initials to describe psychotic bipolar adult challenging her temporary involuntary commitment); *L.S. v. State*, 867 S.W.2d 838, 840 (Tex. App.—Austin 1993, no writ) (using initials to refer to mentally disabled adult appealing an order extending an involuntary commitment to a state hospital).

insufficient to show that his mental and physical deterioration was so severe that it rendered him unable to function independently.   *See* TEX. HEALTH & SAFETY CODE ANN. § 574.034(a)(2)(C)(ii) (West, Westlaw through 2013 3d C.S.).   We affirm.

## I.   Background

The following facts are undisputed.   Appellant's mother called the police on April 17, 2013, after appellant burned her scarf and threatened her with a kitchen utensil. Appellant was angry at his mother for refusing to buy him a car.   Appellant was admitted to the psychiatric facility at Doctor's Hospital at Renaissance in Edinburg, Texas.   In the affidavit attached to the application for emergency apprehension and detention, a hospital employee attested that appellant had a history of mental illness and had been diagnosed with chronic paranoid schizophrenia with acute exacerbation.   The employee attested that appellant had refused treatment.   The trial court granted the emergency application and the State's motion for protective custody on April 17, 2013.   The State filed its application for temporary commitment for mental illness on the same day.

On April 29, 2013, a hearing was held on the State's application.   At the hearing, Dr. Esteban Gonzalez, the psychiatrist who was treating appellant at the hospital, testified that he had been treating appellant for schizophrenia since appellant was fifteen years old.[2]   Dr. Gonzalez testified that appellant was admitted to the hospital after threatening his mother with a fork and burning her scarf.   He testified that appellant has continued to refuse medication.   He testified that although he did not believe appellant was currently suicidal, appellant had "provoked situations where a couple of his peers want to hurt him."

---

[2] Although appellant's exact age is not clear from the record, there was testimony at the hearing that appellant was then in his twenties.

2

He testified that appellant had to be medicated for aggression toward hospital staff and other patients. In sum, Dr. Gonzalez testified that, in his professional opinion, appellant suffers from a serious mental illness and would likely harm himself or others.

Appellant also testified at the hearing. He admitted that he could be overly aggressive and violent toward others. But he testified that he would voluntarily commit himself if he felt he was having a "crisis situation" in which he might harm himself or others.

At the close of evidence, the trial court granted the State's application for temporary commitment. In its order, the trial court found that appellant was mentally ill and that, as a result of that mental illness, he was likely to cause serious harm to others and will, if not treated, continue to suffer severe distress and be unable to function independently. Finally, the trial court issued an order to administer psychoactive medication to appellant.[3] This appeal followed.

## II. Standard of Review and Applicable Law

The trial court must find by clear and convincing evidence the statutory criteria for a commitment order. *See A.S. v. State*, 286 S.W.3d 69, 71 (Tex. App.—Dallas 2009, no pet.); TEX. HEALTH & SAFETY CODE ANN. § 574.034(a) . . . . Clear and convincing evidence is that "degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979) (per curiam). Because the State's burden of proof is clear and convincing evidence, we apply a heightened standard of review. *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). In reviewing a legal sufficiency claim, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002).

---

[3] Appellant does not challenge this order on appeal.

*State ex rel. T.M.*, 362 S.W.3d 850, 851–52 (Tex. App.—Dallas 2012, no pet.); *see also*

*M.R. v. State*, No. 13-04-00423-CV, 2006 WL 1704018, at *2 (Tex. App.—Corpus Christi

June 22, 2006, no pet.) (mem. op.).

A trial court may order temporary inpatient mental health services if it finds by clear

and convincing evidence that the patient is mentally ill and that the patient's behavior

satisfies at least one of three criteria as a result of that mental illness. *See* TEX. HEALTH

& SAFETY CODE ANN. § 574.034(a). The three criteria are: (1) the patient is likely to

cause serious harm to himself; (2) the patient is likely to cause serious harm to others; or

(3) the patient is suffering severe and abnormal mental, emotional, or physical distress,

was deteriorating in his ability to function independently, and was unable to make a

rational and informed decision as to whether or not to submit to treatment. *Id.* §

574.034(a)(2)(A)–(C). In addition, section 574.034 sets forth specific requirements for

clear and convincing evidence. The evidence must include expert testimony and, unless

waived, evidence of a recent overt act or a continuing pattern of behavior that tends to

confirm: (1) the likelihood of serious harm to the patient or others; or (2) the patient's

distress and the deterioration of the patient's ability to function. *Id.* § 574.034(d). The

expert's opinions and recommendations must be supported by a showing of the factual

bases on which they are grounded. *State ex rel. T.M.*, 362 S.W.3d at 852; *see also M.R.*,

2006 WL 1704018, at *2.

## III. Discussion

By one issue, appellant argues that the evidence was legally insufficient to support

the trial court's finding under subsection 574.034(a)(2)(C), that if not treated for his serious

4

mental illness, he will not be able to function independently.[4]  *See* TEX. HEALTH & SAFETY CODE ANN. § 574.034(a)(2)(C).   But this was only one of the criteria on which the trial court based its ruling.   The trial court also found that appellant was likely to cause serious harm to others.   *See id.* §574.034(a)(2)(B).   And because only one of subsection 574.034(a)(2)'s criteria is required for temporary involuntary commitment, appellant has failed to challenge all the bases on which the trial court rendered its order and, as such, has waived review.

Even if appellant had challenged all grounds for the trial court's order, having reviewed the entire record, we conclude there is sufficient evidence that appellant was likely to cause serious harm to others.   At the hearing on the State's application, Dr. Gonzalez provided expert testimony that appellant has a history of paranoid schizophrenia with violent episodes and that, on this particular occasion, appellant threatened his mother with a fork after burning her scarf.   Dr. Gonzalez also testified that, during his emergency commitment, appellant had been aggressive with hospital staff and other patients and had to be medicated for that reason.   This testimony provided a specific factual basis on which Dr. Gonzalez could base his expert opinion that appellant committed both overt acts and exhibited a continuing pattern of behavior showing a likelihood that he would harm others.   *See id.* § 574.034(d); *see also State ex rel. T.M.*, 362 S.W.3d at 852; *M.R.,* 2006 WL 1704018, at *2.

In short, the State produced clear and convincing evidence to support its application for temporary commitment; the evidence was such that it could produce in the

---

[4] Appellant does not challenge the trial court's finding that he was mentally ill.

mind of the trier of fact a firm belief or conviction that appellant was mentally ill and, as a result of his illness, was likely to cause serious harm to others. *See In re C.H.*, 89 S.W.3d at 25; *Addington*, 588 S.W.2d at 570; *see also* TEX. HEALTH & SAFETY CODE ANN. § 574.034(a). Because the evidence was legally sufficient to support the trial court's judgment, we overrule appellant's sole issue on appeal.

## IV. Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
3rd day of April, 2014.