# NO. 12-17-00098-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR* | § | *APPEAL FROM THE* |
| *THE BEST INTEREST AND* | § | *COUNTY COURT AT LAW* |
| *PROTECTION OF R.L.J.* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The trial court issued an order authorizing the administration of psychoactive medications to Appellant, R.L.J., a patient committed to a mental health facility under Chapter 46B of the code of criminal procedure.[1] In one issue, Appellant contends that the evidence is legally and factually insufficient to show that (1) he lacked the capacity to make a decision regarding the administration of the proposed psychoactive medication, and (2) it was in his best interest to be treated with the psychoactive medication. We affirm.

## BACKGROUND

Appellant was found incompetent to stand trial and was committed to the Rusk State Hospital for examination and treatment with the specific objective of his attaining competency. Appellant refused to take the medication prescribed for his condition. He denied he was mentally ill and needed medication. Ultimately, he refused to discuss medications. On March 22, 2017, his treating physician, Dr. Stephen Poplar, signed an application to order the administration of psychoactive medications. After a hearing on April 4, 2017, the court granted the order. This appeal followed.

---

[1] TEX. CODE CRIM. PROC. ANN. art. 46B.073 (West Supp. 2016)

In his sole issue, Appellant challenges the legal and factual sufficiency of the evidence to support the trial court's order authorizing the administration of psychoactive medication.

## Standard of Review

The trial court must find by clear and convincing evidence the statutory requisites for its order. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a-1) (West 2017). Clear and convincing evidence is that degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979) (per curiam).

In reviewing a legal sufficiency claim, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). When reviewing factual sufficiency, we must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing and then determine whether, based on the entire record, a fact finder could reasonably form a firm conviction or belief that the allegations in the petition were proven. *Id*. The reviewing court must consider whether the disputed evidence is such that a reasonable fact finder could not have reconciled that disputed evidence in favor of its finding. *Id*. If the disputed evidence is so significant that a fact finder cold not reasonably have formed a firm belief in the finding, the evidence is factually insufficient. *Id*.

## Applicable Law

A trial court may issue an order authorizing the administration of one or more classes of psychoactive medications to a patient who is under a court order to receive inpatient mental health services. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a)(1) (West 2017). The court may issue an order under this section only if it finds by clear and convincing evidence after a hearing that (1) the patient lacks the capacity to make a decision regarding the administration of the proposed medication, and (2) treatment with the proposed medication is in the best interest of the patient. *Id*. § 574.106(a-1)(1). "Capacity" refers to a patient's ability to (1) understand the nature and consequences of a proposed treatment, including the benefits, risks, and alternatives to the proposed treatment, and (2) make a decision whether to undergo the proposed treatment. *Id*. § 574.101(1) (West 2017). A patient does not have the capacity to make a decision regarding

2

the administration of medications if the patient does not understand the nature of his mental illness or the necessity of the medications. *See **A.S. v. State***, 286 S.W.3d 69, 73 (Tex. App.—Dallas 2009, no pet.).

In making its findings, the trial court shall consider (1) the patient's expressed preferences regarding treatment with psychoactive medication, (2) the patient's religious beliefs, (3) the risks and benefits, from the perspective of the patient, of taking psychoactive medication, (4) the consequences to the patient if the psychoactive medication is not administered, (5) the prognosis for the patient if treated with psychoactive medication, (6) alternative, less intrusive treatments that are likely to produce the same results as treatment with psychoactive medication, and (7) less intrusive treatments likely to secure the patient's agreement to take the psychoactive medication. TEX. HEALTH & SAFETY CODE ANN. § 574.106(b) (West 2017).

## Discussion

Dr. Poplar testified that Appellant suffers from schizophrenia. According to Dr. Poplar, Appellant's mental illness manifests itself in several ways. He believes the legal system is colluding against him, including his lawyer and the judge. He told Dr. Poplar that when this is over he intends to put the judge in jail. He believes that Appellant has an extrasensory, nonverbal ability to communicate with other people. Dr. Poplar further testified that Appellant believes he has a special relationship with God that will keep him from being punished.

Dr. Poplar explained that Appellant does not believe he has a mental illness. Dr. Poplar testified that he does not believe that Appellant can rationally weigh the benefits and risks of taking the recommended medication. He refused to take the recommended medication and ultimately refused to even discuss medication with Dr. Poplar.

In the sworn application entered in evidence, Dr. Poplar stated that the administration of psychoactive medications was the correct course of treatment for Appellant and that the benefits of psychoactive medication outweighed the risks. Dr. Poplar further stated that medical alternatives to psychoactive medications had been considered and that no alternative treatment would be as effective as psychoactive medication in restoring Appellant's competency.

In his brief testimony, Appellant told the court "ain't nothing wrong with me." Accordingly, he did not see a need to take medication. He also believed that he is legally competent to stand trial.

3

In reviewing the evidence in the light most favorable to the trial court's findings, we conclude that a reasonable trier of fact could have formed a firm belief or conviction that its findings were true. *See* ***In re J.F.C.***, 96 S.W.3d at 266. Based on a review of all the evidence, we conclude a reasonable fact finder could resolve the disputed evidence in favor of the trial court's finding and could reasonably form a firm belief or conviction that Appellant lacked the capacity to make a decision regarding the administration of the proposed medications and treatment with the proposed medication was in his best interests. *See id*.; *see also* TEX. HEALTH & SAFETY CODE ANN. §§ 574.101(1), 574.106(a-1)(1). The evidence is both legally and factually sufficient. Appellant's issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, the trial court's order authorizing the administration of psychoactive medications is ***affirmed***.

BILL BASS
Justice

Opinion delivered August 9, 2017.
*Panel consisted of Worthen, C.J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 9, 2017**

**NO. 12-17-00098-CV**

**THE STATE OF TEXAS FOR THE BEST
INTEREST AND PROTECTION OF R. L. J.**

Appeal from the County Court at Law

of Cherokee County, Texas (Tr.Ct.No. 42097)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order authorizing the administration of psychoactive medications.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the court below authorizing the administration of psychoactive medications **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*