# NO. 12-23-00187-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF D. B.* | § | *APPEAL FROM THE* |
| | § | *COUNTY COURT AT LAW* |
| | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

This is an accelerated appeal of the trial court's order that D.B. involuntarily be administered psychoactive medications. In one issue, D.B. argues that the evidence is legally and factually insufficient to support the trial court's order. We affirm.

### BACKGROUND

D.B. is a patient at Rusk State Hospital (RSH) pursuant to a court order for in-patient mental health services. On July 7, 2023, an application was filed for court-ordered administration of psychoactive medications to D.B. On July 11, the trial court conducted an evidentiary hearing on the matter.

The trial court ultimately granted the application for administration of psychoactive medications. In so doing, the court found that D.B. lacked the capacity to make a decision regarding administering medications and that said medications were in his best interest. This appeal followed.

### EVIDENTIARY SUFFICIENCY

In his sole issue, D.B. argues that the evidence is both legally and factually insufficient to support the trial court's order to administer psychoactive medications.

**Standard of Review**

Texas law requires that orders authorizing administration of psychoactive medication be supported by clear and convincing evidence. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106(a–1) (West 2017). Clear and convincing evidence is that degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations to be established. *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979) (per curiam). This intermediate standard falls between the preponderance standard of civil proceedings and the reasonable doubt standard of criminal proceedings. *Id.*; *In re G.M.*, 596 S.W.2d 846, 847 (Tex. 1980). While the proof must weigh heavier than merely the greater weight of the credible evidence, there is no requirement that the evidence be unequivocal or undisputed. *Addington*, 588 S.W.2d at 570. This higher burden of proof elevates the appellate standard of legal sufficiency review. *Diamond Shamrock Ref. Co., L.P. v. Hall*, 168 S.W.3d 164, 170 (Tex. 2005); *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 622, 625 (Tex. 2004).

In reviewing a legal sufficiency claim, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We must assume that the fact finder settled disputed facts in favor of its finding if a reasonable fact finder could do so and disregard all evidence that a reasonable fact finder could have disbelieved or found incredible. *Id*. This does not mean that we are required to ignore all evidence not supporting the finding because that might bias a clear and convincing analysis. *Id.*

When reviewing factual sufficiency, we must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing and then determine whether, based on the entire record, a fact finder could reasonably form a firm conviction or belief that the allegations in the application were proven. *Id.* In determining whether the fact finder has met this standard, we consider all the evidence in the record, both that in support of and contrary to the trial court's findings. *In re C.H.*, 89 S.W.3d 17, 27-29 (Tex. 2002). The reviewing court must consider whether the disputed evidence is such that a reasonable fact finder could not have reconciled that disputed evidence in favor of its finding. *J.F.C.*, 96 S.W.3d at 266. If the disputed evidence is so significant that a fact finder could not reasonably have formed a firm belief in the finding, the evidence is factually insufficient. *Id.*

**Applicable Law**

A trial court may issue an order authorizing the administration of one or more classes of psychoactive medications to a patient who is under a court order to receive inpatient mental health services. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a)(1). The court may issue an order under this Section only if, after a hearing, it finds by clear and convincing evidence that (1) the patient lacks the capacity to make a decision regarding the administration of the proposed medication and (2) treatment with the proposed medication is in the best interest of the patient. *Id.* § 574.106(a–1)(1).

"Capacity" refers to a patient's ability to (1) understand the nature and consequences of a proposed treatment, including the benefits, risks, and alternatives to the proposed treatment, and (2) make a decision whether to undergo the proposed treatment. *Id.* § 574.101(1) (West 2017). A patient does not have the capacity to make a decision regarding the administration of medications if the patient does not understand the nature of his mental illness or the necessity of the medications. *See A.S. v. State*, 286 S.W.3d 69, 73 (Tex. App.–Dallas 2009, no pet.). In making its finding that treatment with the proposed medication is in the best interest of the patient, the trial court shall consider (1) the patient's expressed preferences regarding treatment with psychoactive medication, (2) the patient's religious beliefs, (3) the risks and benefits, from the perspective of the patient, of taking psychoactive medication, (4) the consequences to the patient if the psychoactive medication is not administered, (5) the prognosis for the patient if treated with psychoactive medication, (6) alternative, less intrusive treatments that are likely to produce the same results as treatment with psychoactive medication, and (7) less intrusive treatments likely to secure the patient's agreement to take the psychoactive medication. TEX. HEALTH & SAFETY CODE ANN. § 574.106(b).

**Discussion**

On appeal, D.B. argues that the State's evidence is conclusory and lacks sufficient detail regarding whether the administration of medications is in his best interest. In support of his contention, he relies on *State ex rel. E.G.*, 249 S.W.3d 728 (Tex. App.–Tyler 2008, no pet.). However, in *E.G.*, the only evidence offered with regard to the "best interest" element was the conclusory statement by the treating physician in the state's application. *See id.* at 731. We held that the trial court erred in entering its order to administer psychoactive medications, in part, because the treating physician offered no testimony as to whether the administration of the

proposed medications was in the appellant's best interest. *See id.* at 731–32. We explained that a conclusory statement in the application, absent testimony from the physician at the hearing, cannot produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *Id.* We also noted that the Texas Health and Safety Code does not authorize the trial court to base its findings solely on the treating physician's application because pleadings, such as the physician's application, are not evidence that the statutory standard has been met. *Id.*; *see* TEX. HEALTH & SAFETY CODE ANN. §§ 574.031(e) (West Supp. 2022) (stating that the Texas Rules of Evidence apply to the hearing for court ordered mental health services unless the rules are inconsistent with this subtitle), 574.101–.110 (West 2017 & Supp. 2022); *In re E.T.*, 137 S.W.3d 698, 700 (Tex. App.–San Antonio 2004, no pet.); *see also Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) (noting that, generally, pleadings are not competent evidence, even if sworn and verified). Thus, in that case, because the record contained nothing more than the physician's conclusory statement in the application, the evidence that the administration of the medications would be in the appellant's best interest was insufficient. *E.G.*, 249 S.W.3d at 731–32.

Here, D.B. argues that the evidence adduced at the hearing is tantamount to the evidence we concluded to be insufficient in *E.G.* because the only evidence regarding D.B.'s best interest came from a conclusory statement from his treating physician. But a review of the record from the hearing reveals that Robert Lee, M.D.[1] testified at the hearing that D.B. suffered from mental illness, namely schizophrenia, and that he expressly refused to take medications voluntarily to treat this condition. Lee further testified that D.B has a long history of mental illness, he is "floridly psychotic," he fights with peers, he has urinated on the floor twice, he hits people for no apparent reason, he is paranoid about medication, and he is paranoid about staff and peers at RSH. Lee stated that D.B. lacked the capacity to make rational decisions about medications and is unable to engage in a rational discussion of his need for medications or, otherwise, to discuss the risks versus the benefits of taking them. Lee referred to Appendix A to the State's application, which sets forth the classification of the medications that potentially would be administered. Lee stated that the medications would be used in the proper course of D.B.'s treatment, were in his best interest, and that there were not any alternative treatment protocols which would be less intrusive for D.B. Lee testified that the benefits of these medications would

---

[1] At the hearing, the parties stipulated to Lee's expert qualifications.

outweigh the risks and, if the medications were not used, D.B. would become a danger to others. He opined that D.B. likely would regain competency faster if medications are used versus if D.B. does not take any medication. Lee explained that the risks of D.B.'s not taking medications were that his mental condition would continue to deteriorate, he would need to be restrained, and he would continue to exhibit aggressive behaviors, which would pose a risk of harm to others and himself.

On cross examination, Lee testified that D.B. objected to medications because D.B. denies having a mental illness and, therefore, does not believe he requires medication. Lee also testified that he is not aware of D.B.'s having objected to taking the medication due to religious reasons or for fear of potential side effects therefrom.

D.B. also testified at the hearing. On direct examination, when asked about his issues with taking medication, he responded that he believed the medications would impair him and, later, would interfere with his plan to represent himself in court in Dallas County on the underlying charges, which consist of aggravated assault with a deadly weapon. Instead, D.B. stated that he was in RSH "to take a class." D.B. lamented that Lee would not prescribe him Ambien, which he previously had taken for several years but, instead, prescribed Risperdal to help him focus. D.B. denied that he was incompetent and asserted that Lee lied under oath. On cross examination, D.B. stated that he did not want to take any medication at all and engaged in a lengthy plea regarding his preference to abstain from taking medication of any kind.

In sum, Lee offered specific testimony regarding the consequences to D.B. if the psychoactive medications are not administered, the prognosis for D.B. if he is treated with psychoactive medications, and the absence of alternative, less intrusive treatments that are likely to produce the same results as treatment with psychoactive medication. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106(b). Based on the foregoing, and our review of the testimony from the hearing, we conclude that the trial court could have formed a firm belief or conviction as to the truth of the findings that (1) D.B. lacks the capacity to make a decision regarding the administration of the proposed medication and (2) treatment with the proposed medications is in D.B.'s best interest. *See id.* § 574.106(a-1)(1). Thus, we hold that there is clear and convincing, legally sufficient evidence to support the trial court's order to administer psychoactive medications.

Turning to the issue of factual sufficiency, we note that the only potentially "disputed" evidence offered at the hearing was D.B.'s testimony. As noted above, D.B expressed his preference that he not be treated with any psychoactive medication and denied that he suffered from mental illness. Moreover, he stated no religious objection to taking the medications. Having considered whether this disputed evidence is such that the trial court could not have reconciled it in favor of its finding, we conclude that such disputed evidence is not so significant that the trial court could not reasonably have formed a firm belief in the evidence in support of the findings on which its order is based. *See In re J.F.C.*, 96 S.W.3d at 266. Accordingly, we hold that the evidence is factually sufficient to support the trial court's order to administer psychoactive medications. D.B.'s sole issue is overruled.

## DISPOSITION

Having overruled D.B.'s sole issue, we *affirm* the trial court's order to administer psychoactive medications.

GREG NEELEY
Justice

Opinion delivered September 29, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### SEPTEMBER 29, 2023

### NO. 12-23-00187-CV

### THE STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF D. B.,

Appeal from the County Court at Law
of Cherokee County, Texas (Tr.Ct.No. 43514)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED, and DECREED that the order that D.B. be involuntarily administered Psychoactive Medications of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*