# NO. 12-23-00243-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS* | *§* | *APPEAL FROM THE* |
| *FOR THE BEST INTEREST AND* | *§* | *COUNTY COURT AT LAW* |
| *PROTECTION OF G. H.* | *§* | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

This is an accelerated appeal of the trial court's order that G.H. involuntarily be administered psychoactive medication. In one issue, G.H. argues that the evidence is legally and factually insufficient to support the trial court's order. We affirm.

## BACKGROUND

G.H. is a patient at Rusk State Hospital (RSH) pursuant to a court order for in-patient mental health services. On August 31, 2023, an application was filed for court-ordered administration of psychoactive medications to G.H. On September 5, the trial court conducted an evidentiary hearing on the matter.

The trial court ultimately granted the application for administration of psychoactive medications. In so doing, the court found that G.H. presents a danger to himself or others in the in-patient mental health facility and that treatment with the proposed medications was in his best interest. This appeal followed.

## EVIDENTIARY SUFFICIENCY

In his sole issue, G.H. argues that the evidence is both legally and factually insufficient to support the trial court's order to administer psychoactive medications.

**Standard of Review**

Texas law requires that orders authorizing administration of psychoactive medication be supported by clear and convincing evidence. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106(a–1) (West 2017). Clear and convincing evidence is that degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations to be established. *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979) (per curiam). This intermediate standard falls between the preponderance standard of civil proceedings and the reasonable doubt standard of criminal proceedings. *Id.*; *In re G.M.*, 596 S.W.2d 846, 847 (Tex. 1980). While the proof must weigh heavier than merely the greater weight of the credible evidence, there is no requirement that the evidence be unequivocal or undisputed. *Addington*, 588 S.W.2d at 570. This higher burden of proof elevates the appellate standard of legal sufficiency review. *Diamond Shamrock Ref. Co., L.P. v. Hall*, 168 S.W.3d 164, 170 (Tex. 2005); *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 622, 625 (Tex. 2004).

In reviewing a legal sufficiency claim, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We must assume that the fact finder settled disputed facts in favor of its finding if a reasonable fact finder could do so and disregard all evidence that a reasonable fact finder could have disbelieved or found incredible. *Id*. This does not mean that we are required to ignore all evidence not supporting the finding because that might bias a clear and convincing analysis. *Id.*

When reviewing factual sufficiency, we must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing and then determine whether, based on the entire record, a fact finder could reasonably form a firm conviction or belief that the allegations in the application were proven. *Id.* In determining whether the fact finder has met this standard, we consider all the evidence in the record, both that in support of and contrary to the trial court's findings. *In re C.H.*, 89 S.W.3d 17, 27–29 (Tex. 2002). The reviewing court must consider whether the disputed evidence is such that a reasonable fact finder could not have reconciled that disputed evidence in favor of its finding. *J.F.C.*, 96 S.W.3d at 266. If the disputed evidence is so significant that a fact finder could not reasonably have formed a firm belief in the finding, the evidence is factually insufficient. *Id.*

**Applicable Law**

A trial court may issue an order authorizing the administration of one or more classes of psychoactive medications to a patient who is under a court order to receive inpatient mental health services. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a)(1). The court may issue an order under this section only if, after a hearing, it finds by clear and convincing evidence that (1) the patient presents a danger to the patient or others in the mental health facility in which the patient is being treated as a result of a mental disorder or mental defect and (2) treatment with the proposed medication is in the best interest of the patient. *Id.* § 574.106(a–1)(2)(A).

"Capacity" refers to a patient's ability to (1) understand the nature and consequences of a proposed treatment, including the benefits, risks, and alternatives to the proposed treatment, and (2) make a decision whether to undergo the proposed treatment. *Id.* § 574.101(1) (West 2017). A patient does not have the capacity to make a decision regarding the administration of medications if the patient does not understand the nature of his mental illness or the necessity of the medications. *See A.S. v. State*, 286 S.W.3d 69, 73 (Tex. App.–Dallas 2009, no pet.). In making its finding that treatment with the proposed medication is in the best interest of the patient, the trial court shall consider (1) the patient's expressed preferences regarding treatment with psychoactive medication, (2) the patient's religious beliefs, (3) the risks and benefits, from the perspective of the patient, of taking psychoactive medication, (4) the consequences to the patient if the psychoactive medication is not administered, (5) the prognosis for the patient if treated with psychoactive medication, (6) alternative, less intrusive treatments that are likely to produce the same results as treatment with psychoactive medication, and (7) less intrusive treatments likely to secure the patient's agreement to take the psychoactive medication. TEX. HEALTH & SAFETY CODE ANN. § 574.106(b).

**Discussion**

On appeal, G.H. argues that the State's evidence is conclusory and lacks sufficient detail regarding whether the administration of medications is in his best interest. In support of his contention, he relies on *State ex rel. E.G.*, 249 S.W.3d 728 (Tex. App.–Tyler 2008, no pet.)*.* However, in *E.G.*, the only evidence offered with regard to the "best interest" element was the conclusory statement by the treating physician in the state's application. *See id.* at 731. We held that the trial court erred in entering its order to administer psychoactive medication, in part, because the treating physician offered no testimony as to whether the administration of the

3

proposed medications was in the appellant's best interest. *See id.* at 731–32. We explained that a conclusory statement in the application, absent testimony from the physician at the hearing, cannot produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *Id.* We also noted that the Texas Health and Safety Code does not authorize the trial court to base its findings solely on the treating physician's application, because pleadings, such as the physician's application, are not evidence that the statutory standard has been met. *Id.*; *see* TEX. HEALTH & SAFETY CODE ANN. §§ 574.031(e) (West Supp. 2022) (stating that the Texas Rules of Evidence apply to the hearing for court ordered mental health services unless the rules are inconsistent with this subtitle), 574.101–.110 (West 2017 & Supp. 2022); *In re E.T.*, 137 S.W.3d 698, 700 (Tex. App.–San Antonio 2004, no pet.); *see also* ***Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer***, 904 S.W.2d 656, 660 (Tex. 1995) (noting that, generally, pleadings are not competent evidence, even if sworn and verified). Thus, in that case, because the record contained nothing more than the physician's conclusory statement in the application, the evidence that the administration of the medications would be in the appellant's best interest was insufficient. ***E.G.***, 249 S.W.3d at 731–32.

Here, G.H. argues that the evidence adduced at the hearing is tantamount to the evidence we concluded to be insufficient in ***E.G.*** because the only evidence regarding G.H.'s best interest came from a conclusory statement from his treating physician. But a review of the record from the hearing reveals that Robert Lee, M.D. testified at the hearing that G.H. suffered from mental illness, namely Bipolar Disorder Type 1, Mixed, and that he refused expressly to take medications voluntarily to treat this condition. More specifically, Lee stated that G.H. refused to take certain mood stabilizers and antipsychotic medications. Lee further testified that while G.H. has been at RSH, he has been quite irritable and there have been numerous incidents in which he exhibited verbal aggression. According to Lee, G.H.'s irritability was directly related to his mental illness diagnosis and, without treatment, his mental condition will continue to deteriorate. Lee further related that on August 22, 2023, G.H. was acting suspiciously in a peer's room and threatened security staff.

According to Lee, G.H. lacked the capacity to make rational decisions about medications and is unable to engage in a rational discussion of his need for medications. Lee referred to Appendix A to the State's application, which sets forth the classification of the medications that potentially would be administered. Lee stated that the medications would be used in the proper

4

course of G.H.'s treatment, were in his best interest, and that there were no alternative treatment protocols which would be less intrusive for G.H. Lee testified that the benefits of these medications would outweigh the risks, and if the medications were not used, G.H.'s mental condition would continue to deteriorate and he likely would be a danger to himself and others. He opined that G.H. likely would regain competency faster if medications are used versus if G.H. does not take any additional medications. Lee explained that the risks of G.H.'s not taking these medications were that his mental condition would continue to deteriorate and he likely would continue to exhibit aggressive behaviors, which would pose a risk of harm to others and himself. Lee stated that he and Dr. Satyajeet Lahiri, who completed the application, had sufficient time with G.H. to form opinions related to G.H.'s willingness to take these medications and that he agreed with Dr. Lahiri's statements in the application. During cross-examination, Lee testified that G.H. had not objected to taking medications based on their side-effects or based on other "constitutional" objections. He specified that G.H. did not make a religious objection to him about taking the medications.

G.H. also testified at the hearing. On direct examination, when asked about his concerns about the medications, he stated that he did not believe the doctors spent enough time evaluating him to determine the appropriate medications and that he was concerned about side-effects from the medications. G.H. explained that while he believed his body to be a temple, he did not have a religious objection to taking medications generally; rather, he was concerned about getting the "right mix" of medication that does not offend his religious beliefs. G.H. stated that he believed he was doing well with his current regimen of medications and, thus, did not require additional medications. G.H. further opined that he was not aggressive and denied that he was incompetent, stating that he "could pass that test today."

In sum, Lee offered specific testimony regarding the consequences to G.H. if the psychoactive medications are not administered, the prognosis for G.H. if he is treated with the psychoactive medications, and the absence of alternative, less intrusive treatments that are likely to produce the same results as treatment with psychoactive medications. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106(b). Based on the foregoing, and our review of the evidence adduced at the hearing, we conclude that the trial court could have formed a firm belief or conviction as to the truth of the findings that (1) G.H. presents a danger to himself or others in the in-patient mental health facility and (2) treatment with the proposed medication is in G.H.'s

best interest. *See id.* § 574.106(a-1)(2)(A). Thus, we hold that there is clear and convincing, legally sufficient evidence to support the trial court's order to administer psychoactive medications.

Turning to the issue of factual sufficiency, we note that the only disputed evidence offered at the hearing was G.H.'s testimony. As noted above, G.H. expressed his concern about the amount of time the doctors spent evaluating him and as to side-effects from the medications. He also denied that he was incompetent and that he had engaged in aggressive behavior. Moreover, he stated no religious objection to taking medication generally, and the record reflects that he currently was taking other medications. Having considered whether this disputed evidence is such that the trial court could not have reconciled it in favor of its finding, we conclude that such disputed evidence is not so significant that the trial court could not reasonably have formed a firm belief in the evidence in support of the findings on which its order is based. *See In re J.F.C.*, 96 S.W.3d at 266. Accordingly, we hold that the evidence is factually sufficient to support the trial court's order to administer psychoactive medications. G.H.'s sole issue is overruled.

## DISPOSITION

Having overruled G.H.'s sole issue, we *affirm* the trial court's order to administer psychoactive medications.

JAMES T. WORTHEN
Chief Justice

Opinion delivered December 14, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 14, 2023**

**NO. 12-23-00243-CV**

**THE STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF G. H.**

Appeal from the County Court at Law
of Cherokee County, Texas (Tr.Ct.No. 43564)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

7