

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00192-CV & 04-13-00193-CV

**THE STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF S.S.**

From the Probate Court No. 1, Bexar County, Texas
Trial Court Nos. 2013-MH-0591 & 2013-MH-0659
Honorable Polly Jackson Spencer, [1] Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Sandee Bryan Marion, Justice
               Rebeca C. Martinez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  May 14, 2014

AFFIRMED

The trial court found that appellant S.S. was mentally ill and met the criteria for court-ordered temporary mental health services, and ordered appellant to be temporarily committed for inpatient mental health services pursuant to section 574.034 of the Texas Health and Safety Code. By separate order, the court authorized treatment with psychoactive medications during appellant's temporary commitment.  Appellant appeals from both orders, challenging the legal and factual sufficiency of the trial court's findings.  We affirm the trial court's orders.

---

[1] The Honorable Oscar Kazen presided over the hearing and verbally made the rulings on the underlying applications. The Honorable Polly Jackson Spencer signed the written orders.

**STANDARD OF REVIEW**

To obtain either an order for temporary commitment or an order to administer psychoactive medication, the State must prove its case by clear and convincing evidence.  *See* TEX. HEALTH & SAFETY CODE ANN. § 574.034(a) (West Supp. 2013), § 574.106(a-l) (West 2010).  Because the State's burden of proof is clear and convincing evidence, we apply a heightened standard of review to sufficiency-of-the-evidence challenges.  *See In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002).  When reviewing the legal sufficiency of the evidence in a case requiring proof by clear and convincing evidence, we determine whether the evidence is such that a factfinder could reasonably form a "firm belief or conviction as to the truth of the allegations sought to be established."  *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979).  We review all the evidence in the light most favorable to the finding to determine whether a reasonable factfinder could have formed a firm belief or conviction that the finding was true.  *State v. K.E.W.*, 315 S.W.3d 16, 20 (Tex. 2010).  We resolve disputed fact questions in favor of the finding if a reasonable factfinder could have done so, and we disregard all contrary evidence unless a reasonable factfinder could not have done so.  *Id.*; *City of Keller v. Wilson*, 168 S.W.3d 802, 817 (Tex. 2005).

In reviewing the evidence for factual sufficiency under the clear and convincing standard, we inquire "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations."  *See In re C.H.*, 89 S.W.3d at 25.  We consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding.  *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002).  In so doing, we must give "due consideration to evidence that the factfinder could reasonably have found to be clear and convincing."  *Id.*  We examine the entire record to determine whether "the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant

that a factfinder could not reasonably have formed a firm belief or conviction"; if it is, the evidence is factually insufficient. *Id.*

## COMMITMENT ORDER

In its commitment order, the trial court found that appellant is mentally ill and that as a result of that mental illness the Patient:

> is suffering severe and abnormal mental, emotional, or physical distress; is experiencing substantial mental or physical deterioration of her ability to function independently, which is exhibited by the proposed patient's inability, except for reasons of indigence, to provide for her basic needs, including food, clothing, health, or safety; and unable to make a rational and informed decision as to whether or not to submit to treatment.

*See* TEX. HEALTH & SAFETY CODE ANN. § 574.034(a)(1) & (a)(2)(C) (providing statutory requirements for temporary commitment).

"To be clear and convincing under Subsection (a), the evidence must include expert testimony and, unless waived, evidence of a recent overt act or a continuing pattern of behavior that tends to confirm: (1) the likelihood of serious harm to the proposed patient or others; or (2) the proposed patient's distress and the deterioration of the proposed patient's ability to function." *Id.* § 574.034(d). Expert testimony recommending involuntary temporary commitment must be supported by a factual basis; a bald diagnosis alone is insufficient to support commitment. *In re Breeden*, 4 S.W.3d 782, 784 (Tex. App.—San Antonio 1999, no pet.).

The State sought the temporary commitment of appellant to University Hospital. At the hearing, appellant and Dr. Stephen Burkholder, a psychiatrist with the hospital, testified. Burkholder testified he had been involved in appellant's care since her admission to the hospital and, based on his personal knowledge, her history, and her medical records, he diagnosed appellant with delusional disorder. He agreed this diagnosis was an illness, disease, or condition that substantially impaired appellant's thought, perception of reality, emotional process, or judgment.

Appellant first presented with suicide ideation, but had not threatened to commit suicide since being hospitalized. She had not threatened to harm any other patients. Burkholder testified that appellant is not likely to cause serious harm to herself or others as a result of her mental illness.

Burkholder agreed that as a result of appellant's mental illness she suffers severe and abnormal mental, emotional, or physical distress; and she is experiencing substantial mental or physical deterioration in her ability to function independently. Burkholder conceded that appellant is able to provide for her own basic needs, including food and clothing, health and safety, but clarified that she had just concluded a four-day fast for religious purposes. Burkholder testified that as a result of her delusions, appellant has a tendency to misinterpret various things in her environment, particularly her interactions with people. Appellant described interactions with her neighbors and with an off-duty police officer in which she felt they were making aggressive actions towards her and she responded inappropriately. Appellant also described to Burkholder that she is experiencing pressure in her head due to police radar and that she is hearing sounds in the attic of her apartment. Burkholder stated that appellant continues to believe that the police and doctors are conspiring to keep her in the hospital.

Burkholder stated appellant is unable to make a rational and informed decision about whether to submit to treatment. Appellant cannot be treated in an out-patient setting because she denies having a mental illness and would not take medication or attend follow-up appointments. If she were to continue misinterpreting the stimuli in her environment, Burkholder opined that it was possible she would end up in further legal and/or physical harm. Burkholder did not believe that appellant could distinguish safety from danger, and felt that she was at risk for being involved with the police. He noted that appellant had been aggressive with him and accused him and the hospital staff of putting words in her mouth and lying to her. Burkholder stated that appellant misinterprets the attempts of other people to help her.

Appellant testified that she was hospitalized for threatening to commit suicide. She stated that she had weapons at her home, including a firearm. She testified that she is a licensed firearms instructor in New Jersey. She does not randomly use the gun, and last fired it at a ranch. She occasionally feels pressure in her head and hears a beeping sound. She believes that her neighbors at the apartment complex are targeting her for harassment. Multiple times, she has come home to an unlocked door. She has heard movement in the attic above her and assumes it is someone from the apartment. On one occasion, appellant found what she believed to be a human fetus on her doorstep. Appellant sent a letter documenting this harassment to the Texas Rangers.

On appeal, appellant asserts the evidence is legally and factually insufficient to order her temporarily committed for inpatient mental health services. In particular, she argues there was no evidence presented that she was unable to provide for her basic needs, including food, clothing, health or safety, except for reasons of indigence. We disagree. Having reviewed the record as a whole, we conclude the foregoing evidence permitted the trial judge to form a firm belief or conviction that the findings necessary to support appellant's temporary commitment were proven true. While appellant was able to provide for most of her basic needs, the evidence of the expert established that appellant suffers from delusions and that she is unable to distinguish safety from danger. Appellant's mental deterioration is evidenced by delusions that cause her to misinterpret her interactions with others and to respond inappropriately, which could cause her legal or physical harm. Additionally, her threats to commit suicide, coupled with her possession of a weapon, show that she is unable to provide for her own safety. Therefore, the evidence is both legally and factually sufficient to support the trial court's commitment order.

### ADMINISTRATION OF PSYCHOACTIVE MEDICATIONS

"The court may issue an order authorizing the administration of one or more classes of psychoactive medication to a patient who . . . is under a court order to receive inpatient mental

health services . . . ." TEX. HEALTH & SAFETY CODE ANN. § 574.106(a). Here, after issuing the commitment order, the trial court held a hearing on and granted the State's application for an order to administer psychoactive medications. On appeal, the only basis on which appellant challenges the trial court's medication order is that the evidence is insufficient to support the trial court's commitment order. Because we have determined the evidence is sufficient to support the trial court's commitment order, the evidence is also sufficient to support the trial court's order to compel psychoactive medications. *See State ex rel. D.V.*, Nos. 04-12-00511-CV & 04-12-00512-CV, 2012 WL 6618217, at *3 (Tex. App.—San Antonio Dec. 19, 2012, no pet.).

## CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's orders.

Rebeca C. Martinez, Justice