In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00385-CV
_____


IN THE INTEREST OF C.N., C.N. and L.N.

_____

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. CV1306622**
_____

## MEMORANDUM OPINION

Appellants S.N. (Mother) and C.N. (Father) appeal from the trial court's order terminating their parental rights to their minor children, C.N., C.N., and L.N.[1] The trial court ordered termination after finding by clear and convincing evidence that termination of the parental rights of Mother and Father was in the best interest of the children and that Mother and Father violated subsections (D), (E), and (O) of section 161.001(b)(1) of the Texas Family Code. *See* Tex. Fam.

---

[1]To protect the identity of the minors, we have not used the names of the children, parents, or other family members. *See* Tex. R. App. P. 9.8(a), (b).

Code Ann. § 161.001(b)(1), (2) (West Supp. 2016).[2] In four issues, Mother and Father challenge the legal and factual sufficiency of the evidence to support the trial court's termination findings. We affirm the trial court's judgment.

Parental rights can be terminated upon proof by clear and convincing evidence that the parent has committed an act prohibited by section 161.001(b)(1) of the Texas Family Code, and termination is in the best interest of the child. *Id.*; *see In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009); *In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005). Due to the severity and permanency of the termination of parental rights, the burden of proof is heightened to the clear and convincing evidence standard. *See In re J.F.C.*, 96 S.W.3d 256, 263–64 (Tex. 2002). "Clear and convincing evidence" means "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." Tex. Fam. Code Ann. § 101.007 (West 2014). This is an intermediate standard and falls between the preponderance standard of ordinary civil proceedings and the reasonable doubt standard in criminal proceedings. *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979); *In re D.T.*, 34 S.W.3d 625, 630 (Tex. App.—Fort Worth 2000, pet. denied) (op. on

---

[2]The Legislature amended section 161.001 of the Texas Family Code after this case was filed; however, we cite to the current version of the statute because the subsequent amendments do not affect our analysis in this appeal.

reh'g). Therefore, the proof must be more than merely the greater weight of the credible evidence, but need not be unequivocal or undisputed. *Addington*, 588 S.W.2d at 570. This heightened burden of proof results in a heightened standard of review. *In re J.F.C.*, 96 S.W.3d at 265–66.

In reviewing the legal sufficiency of the evidence in a parental termination case, we must consider all the evidence in the light most favorable to the finding to determine whether a reasonable factfinder could have formed a firm belief or conviction that its finding was true. *In re J.O.A.*, 283 S.W.3d at 344; *In re J.F.C.*, 96 S.W.3d at 266. We assume the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so, and we disregard all evidence that a reasonable factfinder could have disbelieved. *In re J.O.A.*, 283 S.W.3d at 344*; In re J.F.C.*, 96 S.W.3d at 266. However, we do not disregard undisputed facts that do not support the trial court's finding. *See In re J.O.A.*, 283 S.W.3d at 344*; In re J.F.C.*, 96 S.W.3d at 266. The factfinder is the "sole arbiter when assessing the credibility and demeanor of witnesses[.]" *In re J.L.*, 163 S.W.3d at 86–87.

In reviewing the factual sufficiency of the evidence in a parental termination case, we "give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing." *In re J.F.C.*, 96 S.W.3d at 266. We must determine "'whether the evidence is such that a factfinder could reasonably form a

3

firm belief or conviction about the truth of the State's allegations.'" *Id.* (quoting *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002)). "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.* The factfinder is the sole arbiter when assessing the credibility and demeanor of witnesses; therefore, we give due deference to the factfinder's findings, and we cannot substitute our own judgment for that of the factfinder. *In re H.R.M.*, 209 S.W.3d 105, 108-09 (Tex. 2006).

Mother and Father challenge the legal and factual sufficiency of the evidence to support the predicate termination grounds. The trial court found three predicate grounds for termination—subsections (D), (E), and (O). Section 161.001(b)(1) provides in relevant part that termination of parental rights is warranted if the trial court finds by clear and convincing evidence, in addition to the best interest finding, that the parent has:

> (D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;

> (E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;

4

. . .

(O) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the [Department] for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child[.]

Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E) and (O). Only one predicate finding under section 161.001(b)(1) is necessary to support an order of termination when the court also finds that termination is in the best interest of the child. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Therefore, we will affirm the termination order if the evidence is both legally and factually sufficient to support any statutory ground upon which the trial court relied in terminating parental rights, and to support the best interest finding. *See In re E.A.G.*, 373 S.W.3d 129, 141 (Tex. App.—San Antonio 2012, pet. denied).

Father argues there is insufficient evidence to support the trial court's finding regarding subsection (O) because the children were removed due to Mother's conduct and not for any conduct of Father. "[T]he children need not be removed from the parent who failed to comply with the court order." *In re A.M.C.*, No. 09-12-00314-CV, 2012 WL 6061031, at *6 (Tex. App.—Beaumont Dec. 6, 2012, no pet.) (mem. op.). The trial court took judicial notice of the file, which includes temporary orders for protection that establish the children were removed

5

due to abuse or neglect and court orders requiring that Father complete services. The service plan required that Father complete a parenting class, be able to demonstrate parenting skills at visits, follow recommendations for counseling, submit to random drug testing, report changes of address, and provide proof of employment. Father concedes that the trial court's temporary orders required that Father complete services, and he concedes that he failed to complete the family service plan.

Mother argues that insufficient evidence supports the trial court's finding regarding subsection (O) because she substantially complied with the court order that established the actions necessary for her to obtain the return of the children. Her service plan included requirements that Mother attend all meetings and court hearings, visit the children, obtain employment and show that she can provide basic necessities and a stable home for the children, and complete random drug testing. A brief monitored return of the children to Mother failed because Mother tested positive for methamphetamines, there was no food in the house, the children were not enrolled in school, the children had not obtained their medications, and people with criminal histories were staying in the home. The night before the trial, Mother told the caseworker that she was living in Huntsville in a purchased fifth wheel trailer and that she was working in an animal shelter for $48 per week, but

6

Mother supplied no supporting documentation to verify her information and did not appear at the trial to support her statements. Mother argues there is some evidence that after the second removal, she obtained employment and housing and that she had no positive drug tests near the time of the trial. However, partial completion of the family service plan is not enough to avoid a finding under subsection (O). *In re T.T.*, 228 S.W.3d 312, 319–20 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). Sporadic incidents of partial compliance with court-ordered family service plans do not alter the undisputed fact that the parents violated many material provisions of the trial court's orders. *See In re J.F.C.*, 96 S.W.3d at 278.

Viewing all the evidence in the light most favorable to the trial court's judgment and recognizing that the trial court, as the factfinder, is the sole arbiter of the witnesses' credibility and demeanor, we hold there is clear and convincing evidence on which a reasonable factfinder could have formed a firm belief or conviction that Mother and Father failed to comply with the provisions of a court order that specifically established the actions necessary to obtain the children's return. The disputed evidence that Mother obtained housing and employment is not so significant that the trial court, sitting as the factfinder, could not form a firm

7

belief or conviction that Mother and Father failed to comply with the service plan. We overrule issue three.

We need not address the sufficiency of the evidence to support a violation of subsections D or E. *See In re D.S.*, 333 S.W.3d 379, 388 (Tex. App.—Amarillo 2011, no pet.) ("If multiple predicate grounds are found by the trial court, we will affirm based on any one ground because only one is necessary for termination of parental rights."). Therefore, we decline to address issues one and two.

In issue four, Mother and Father contend that legally and factually insufficient evidence supports the trial court's finding that termination is in the best interest of C.N., C.N., and L.N. They argue, "It is undisputed that every child subject of this suit wants to be with their mother. Granted some with stipulations. However, the court did not give the mother or the father the opportunity to make a parenting decision with regards to the wants and needs of the children."

In evaluating the best interest of the children, we focus, necessarily, on the children, not the parents. *See In re R.F.*, 115 S.W.3d 804, 812 (Tex. App.—Dallas 2003, no pet.). We consider a non-exhaustive list of factors: (1) desires of the children; (2) emotional and physical needs of the children now and in the future; (3) emotional and physical danger to the children now and in the future; (4) parental abilities of the individuals seeking custody; (5) programs available to

assist these individuals to promote the best interest of the children; (6) plans for the children by these individuals or by the agency seeking custody; (7) stability of the home or proposed placement; (8) acts or omissions of the parent which may indicate that the existing parent-child relationship is improper; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976); *see also* Tex. Fam. Code Ann. § 263.307(b) (West Supp. 2016). In reviewing the trial court's decision to terminate a parent's relationship with a child, we consider that "there is a strong presumption that the best interest of a child is served by keeping the child with a parent." *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). The party seeking termination need not prove that each *Holley* factor weighs in favor of termination. *In re C.H.*, 89 S.W.3d at 27. A trial court's best interest finding "is not dependent upon, or equivalent to, a finding that the child has been harmed by abuse or neglect or is in danger of such harm[,]" but rather it "is a term of art encompassing a much broader, facts-and-circumstances based evaluation that is accorded significant discretion." *In re Lee*, 411 S.W.3d 445, 460 (Tex. 2013).

In counseling, Mother related that Father had an eight- or nine-year history of intense domestic violence. Father's criminal history included a conviction for a choking assault on Mother. In the past, the oldest child had been exposed to

domestic abuse and drug use by his parents and told a counselor that Father beat Mother frequently. Evidently, Father's plan for the children's future was for the children to live with Mother.

Mother's physical abuse of their daughter triggered the initial removal of the children by the Department. The Department's attempt to return the children to Mother failed when she relapsed into illegal drug use. When Mother's community supervision terminated, she chose to become noncompliant with her psychiatric medication. The children's relatives were unwilling to provide homes for the children if Mother and Father remained involved with the children.

The oldest of the three children was twelve years old at the time of the trial. He had difficulty coping with parental visits and, on the therapist's recommendation, the trial court eventually ordered cessation of all parental visits with the children. He was intolerant of his father's behavior. He only wanted to live with Mother if she was not with Father, but Mother and Father had resumed their relationship. When a possible placement with his grandmother did not work out, he indicated that unless a third party came forward to adopt him, he preferred to stay in the care and custody of the Department until he aged out of the system. At the time of the trial, this child was in foster care in a safe and stable environment. His therapist attributed the child's improved condition to having no

10

contact with his parents, achieving compliance with his medication, increased coping skills, and an improved family environment. The Department's plan was for him to remain in the current foster home while they continued to look for permanent adoptive placement.

The ten-year-old middle child stated that she did not want to return to her parents as long as they are using illegal drugs. She was receiving specialized care for anger issues in a residential treatment facility at the time of the trial. She needs to learn coping skills and was reportedly making very slow progress. The Department's plan was for her to remain in the facility with a goal of placement in a foster home by the next school year.

The nine-year-old youngest child wanted to return to his parents. He had been in the same foster home for two years at the time of trial. He is very bonded, comfortable in his current placement and his foster parent expressed a desire to adopt him. The Department's plan was for adoption.

As the factfinder, the trial court could give weight to Mother's and Father's long history of domestic violence, drug use, and irresponsible choices. *See In re J.O.A.*, 283 S.W.3d at 346. The parents provided no realistic alternative to the placements proposed by the Department. Viewing the evidence in the light most favorable to the best interest finding, we conclude the trial court reasonably could

11

have formed a firm belief or conviction that termination was in the best interest of the children. Based on our review of the entire record, we further conclude that the trial court could have reasonably formed a firm belief or conviction that it would be in the best interest of the children for Mother's and Father's parental rights to be terminated. The evidence is both legally and factually sufficient to support the best interest finding. We overrule issue four and we affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on January 9, 2017
Opinion Delivered February 2, 2017

Before Kreger, Horton, and Johnson, JJ.