# NO. 12-23-00143-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR THE* | *§* | *APPEAL FROM THE* |
| *BEST INTEREST AND PROTECTION* | *§* | *COUNTY COURT AT LAW* |
| *OF A.D.S.* | *§* | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A.D.S. appeals from an order authorizing the administration of psychoactive medication. In his sole issue, A.D.S. challenges the legal and factual sufficiency of the evidence to support the trial court's order. We affirm.

## BACKGROUND

A.D.S. was found incompetent to stand trial and committed to Rusk State Hospital for examination and treatment with the specific objective of attaining competency. A.D.S. refused to take medication prescribed for his condition and denied needing medication. On May 17, 2023, Dr. Jill K. Pontius signed an application to order the administration of psychoactive medication. After conducting a hearing, the trial court signed an order authorizing the administration of psychoactive medication. In its order, the trial court stated that the allegations in the application are supported by clear and convincing evidence. The trial court concluded that A.D.S. lacks the capacity to make a decision regarding the administration of psychoactive medication and that treatment with the proposed medications is in his best interest. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, A.D.S. argues that the evidence is legally and factually insufficient to support the trial court's order authorizing administration of psychoactive medication. Specifically,

A.D.S. contends the evidence failed to establish that the proposed medications were in his best interest.

## Standard of Review

Texas law requires that orders authorizing administration of psychoactive medication be supported by clear and convincing evidence. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a-1) (West 2017). "Clear and convincing evidence" means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979). Although the proof must weigh more heavily than merely the greater weight of the credible evidence, the evidence need not be unequivocal or undisputed. *Id*.

In conducting a legal sufficiency review when the burden of proof is clear and convincing evidence, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its findings were true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We assume that the factfinder settled disputed facts in favor of its finding if a reasonable factfinder could do so and disregard all evidence that a reasonable factfinder could have disbelieved or found incredible. *Id*. When reviewing factual sufficiency, we must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing and then determine whether, based on the entire record, a factfinder could reasonably form a firm conviction or belief that the allegations in the petition were proven. *Id*. We must consider whether the disputed evidence is such that a reasonable factfinder could not have reconciled that disputed evidence in favor of its finding. *Id*. If the disputed evidence is so significant that a factfinder could not reasonably have formed a firm belief in the finding, the evidence is factually insufficient. *Id*. The factfinder is the sole arbiter of the credibility and demeanor of witnesses. *In re H.R.M.*, 209 S.W.3d 105, 109 (Tex. 2006).

## Applicable Law

A trial court may issue an order authorizing the administration of one or more classes of psychoactive medications to a patient who is under a court order to receive inpatient mental health services. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a) (West 2017). The court may issue an order if it finds by clear and convincing evidence after the hearing that (1) the patient lacks the capacity to make a decision regarding the administration of the proposed medication, and (2) treatment with the proposed medication is in the patient's best interest. *Id*. § 574.106 (a-1).

2

"Capacity" means a patient's ability to (1) understand the nature and consequences of a proposed treatment, including the benefits, risks, and alternatives to the proposed treatment, and (2) make a decision whether to undergo the proposed treatment. *Id*. § 574.101(1) (West 2017). In making a finding that treatment with the proposed medication is in the patient's best interest, the trial court shall consider (1) the patient's expressed preferences regarding treatment with psychoactive medication, (2) the patient's religious beliefs, (3) the risks and benefits, from the patient's perspective, of taking psychoactive medication, (4) the consequences to the patient if the psychoactive medication is not administered, (5) the patient's prognosis if he is treated with psychoactive medication, (6) alternative, less intrusive treatments that are likely to produce the same results as treatment with psychoactive medication, and (7) less intrusive treatments likely to secure the patient's agreement to take the psychoactive medication. *Id*. § 574.106(b).

**Analysis**

Dr. Pontius's application states that A.D.S. is subject to an order for court-ordered inpatient mental health services due to his incompetency to stand trial. According to the application, Dr. Pontius diagnosed A.D.S. with schizoaffective disorder, bipolar type; cocaine use disorder; opioid use disorder; and HIV infection. Additionally, the application states that (1) A.D.S. refuses to take the medication voluntarily and (2) A.D.S. lacks the capacity to make a decision regarding administration of psychoactive medication because, although A.D.S. initially agreed to take medication and signed consent forms, he "refused monitoring lab draws," "declined several doses of medications," and "is unable to engage in a rational discussion of his need for medications or the risks [versus] benefits of taking them daily." Dr. Pontius also stated in the application that if treated with psychoactive medication, A.D.S. will have an "[i]mproved prognosis with possibility of competency restoration." The application also stated that if the medications were not administered, A.D.S. would suffer psychotic deterioration and would need prolonged hospitalization. Moreover, Dr. Pontius stated in the application that she considered alternatives to psychoactive medication, but determined that medical alternatives would not be as effective as administration of psychoactive medication. Furthermore, Dr. Pontius's application indicated that the benefits of psychoactive medication outweigh the risks, and that treatment with the proposed medication is in A.D.S.'s best interest.

At the hearing on the application, Dr. Pontius testified that she is A.D.S.'s treating physician, and when asked if she swears that the statements in the application for administration

3

of psychoactive medication are true and correct, she responded affirmatively. Dr. Pontius explained that A.D.S. suffers from schizoaffective disorder, bipolar type; cocaine use disorder; opioid use disorder; and HIV infection. According to Dr. Pontius, A.D.S. "initially agreed to take the medication and signed consent forms for it, then he refused monitoring lab draws and has declined . . . both of the medications." Dr. Pontius indicated that A.D.S. is "unable to engage in a rational discussion of his need for medication or the risks versus the benefits of taking them daily." When asked whether the proposed medications are the proper course of treatment and are in A.D.S.'s best interest, Dr. Pontius stated, "Yes, they are."

Dr. Pontius testified that there are no less intrusive alternative treatment protocols, the benefits of the proposed medications outweigh their risks, and if the medications are not administered, A.D.S. will be a danger to others. Dr. Pontius explained that A.D.S. will regain competency faster if the medications are administered. Dr. Pontius stated that the medications could potentially interfere with A.D.S.'s ability to confer with his attorney regarding his underlying criminal charge, but she explained, "we monitor for side effects and make sure the patient tolerates their regimen[,]" and "if there was a problem, we would be aware of it and would be able to adjust his medication." Dr. Pontius testified that there is no indication that the medication is causing substantial side effects for A.D.S. Dr. Pontius explained that A.D.S. has not objected to the medications on religious or constitutional grounds; rather, A.D.S.'s "main objection is he doesn't think he needs to be here[,] and he doesn't think he needs treatment for mental illness."

When asked what his objections to medication are, A.D.S. testified, "I like my medication, but I don't want to be here no more." A.D.S. indicated that he believed the hearing was about his competency rather than administration of medication, and when corrected by his attorney, A.D.S. stated, "Well, I am taking my medication. I want to leave. I don't want to be here." A.D.S. responded in the negative when asked a second time whether he has any objection to the medication.

With respect to the sufficiency of the evidence as to best interest, A.D.S. argues that his case is analogous to *State ex rel. E.G.*, 249 S.W.3d 728 (Tex. App.—Tyler 2008, no pet.), in which we held that the evidence was insufficient to support a finding that the proposed medications were in the patient's best interest. In *E.G.*, the only evidence regarding the patient's best interest was in the application, and we determined that a conclusory statement in the application, without

4

testimony from a physician at the hearing, could not support the order for administration of psychoactive medication. *Id*. at 731-32.

We conclude that *E.G.* is distinguishable from the instant case. In this case, Dr. Pontius testified that she is A.D.S.'s treating physician, and she prepared the application for administration of psychoactive medication. Dr. Pontius testified that A.D.S. will regain competency more quickly if psychoactive medications are administered, and the medications constitute the proper course of treatment for A.D.S., the benefits outweigh the risks, and taking the medications is in A.D.S.'s best interest. Dr. Pontius further testified that no alternatives were available. Although Dr. Pontius reiterated much of what was in the application and provided succinct answers at the hearing, her testimony addressed the majority of the required items listed in Section 574.106(b). *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106(b). "While mindful that unsupported conclusions are legally insufficient to support the existence of the fact asserted, there may be a fine line between conclusory and succinct. However, the trial court may well be able to connect the dots, based on its knowledge of the law and brief testimony." *State of Tex. for Best Interest & Prot. of S.P.*, 592 S.W.3d 508, 513 (Tex. App.—Tyler 2019, no pet.).

As discussed above, in evaluating legal sufficiency, we must assume that the factfinder settled disputed facts in favor of its finding if a reasonable factfinder could do so and disregard all evidence that a reasonable factfinder could have disbelieved or found incredible. *In re J.F.C.*, 96 S.W.3d at 266. Considering all the evidence in the light most favorable to the finding, we conclude that a reasonable trier of fact could have formed a firm belief or conviction that its findings were true. *See id*. Therefore, the evidence is legally sufficient. *See id*.

In evaluating factual sufficiency, we consider whether a reasonable factfinder could not have resolved disputed evidence in favor of its finding and, if there is such evidence, whether that evidence is so significant that a factfinder could not have reasonably formed a firm belief or conviction that administering the medication is in the patient's best interest. *See id*. There was no disputed evidence that the trial court could not reasonably have resolved in favor of its ruling. *See id.*; *S.P.*, 592 S.W.3d at 514. Accordingly, the evidence is factually sufficient to support the trial court's finding. *See In re J.F.C.*, 96 S.W.3d at 266; *S.P.*, 592 S.W.3d at 514. We overrule A.D.S.'s sole issue.

## DISPOSITION

Having overruled A.D.S.'s sole issue, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2023**

**NO. 12-23-00143-CV**

**THE STATE OF TEXAS FOR THE
BEST INTEREST AND PROTECTION OF A.D.S.**

Appeal from the County Court at Law
of Cherokee County, Texas (Tr.Ct.No. 43500)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things **affirmed**, and that the decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*